Coös,
June 27, 1914.

## FRANK L. WILSON v. FRANKFORT MARINE, ACCIDENT & PLATE GLASS INSURANCE CO.

Where a case is transferred upon an exception to the denial of a motion for non-suit, the defendant cannot rely in the supreme court on an issue which upon the evidence might properly have been determined in favor of the plaintiff.

An insurance company which has conducted the defence of a suit against the insured is estopped to thereafter complain of the latter's failure to immediately furnish the company with the copy of the writ served upon him in such action, in compliance with the terms of the policy.

As proof that a properly addressed and stamped letter was posted in the mails gives rise to a presumption that it was duly received, so evidence that no such letter was received warrants a finding that it was never posted.

A stipulation in an insurance policy, that no change or waiver of its provisions shall be valid unless an indorsement to that effect is signed by the manager of the company, relates solely to the contract which the parties entered into, and has no application to a controversy as to its performance, in which it is claimed that the insurer is estopped by conduct to insist upon the terms of the agreement.

ASSUMPSIT, upon an employer's liability insurance contract, to recover the amount of a judgment rendered against the plaintiff because of an injury admitted to be within the terms of the policy. At the close of the plaintiff's evidence the defendant moved for a nonsuit; and upon its agreement that there should be judgment for the plaintiff if the order was not sustained, the motion was granted subject to exception. Other facts appear in the opinion. Transferred from the December term, 1913, of the superior court by *Sawyer*, J.

*Sullivan & Daley* and *Ira W. Thayer* (*Mr. Sullivan* orally), for the plaintiff.

*H. Robert Bygrave* (of Massachusetts) and *Rich & Marble* (*Mr. Marble* orally), for the defendant.

PEASLEE, J. Two defences to this suit are set up.

1. It is claimed that the interest of the assured was not correctly set out in the application for insurance, in that the concern was a

partnership, whereas the plaintiff stated that he was the sole owner. It is not necessary to consider whether this would be a good defence if proved. The case is here upon an agreement that if there was any evidence for the jury to pass upon there shall be judgment for the plaintiff. Upon this issue the plaintiff testified that he was the sole owner of the business. This was sufficient to support a verdict to that effect and disposes of the defence claimed.

2. The policy provides that when suit is brought against the assured the copy of the writ served upon him shall be sent to the insurer immediately. This was not done in the present case, but there is evidence sufficient to support a finding that the defendant is now estopped to complain of the omission. The defendant's counsel took charge of the matter immediately after the accident happened, and before suit was brought had done the customary work taking statements of witnesses and parties, and had held conferences with the injured servant looking toward an adjustment. When the writ was served the present plaintiff, or those interested for him, called upon the defendant's counsel, but failed to leave the copy. Counsel continued to act in the matter, appeared at the return of the writ in court, and conducted the defence, without giving the plaintiff notice of the claim now made. Having thus assured the plaintiff that he could rely upon its liability until all opportunity to make defence in his own behalf was lost, the defendant is plainly estopped to now take an inconsistent attitude. *Perry* v. *Insurance Co.*, 67 N. H. 291.

But the defendant seeks to avoid this conclusion by showing that it attempted to notify the plaintiff of the position it assumed, and that therefore it is not estopped because it was not conscious that its course of conduct amounted to a representation that it did not rely upon this defence. Assuming that this is a correct statement of the law, the defendant must fail here because of the state of the proof.

Its Boston attorney claimed to have written a letter to the plaintiff in which the position now taken was fully set out. The plaintiff denied having received the letter. From this the defendant argues that it is not estopped, because it supposed the plaintiff knew the whole situation. One error in this argument is the assumption that the jury must find that the letter was written and mailed.

The presumption arising from the known regularity of the United States mail service is as available for the supposed receiver of a

letter as for the alleged sender thereof.    If proof that a properly addressed and stamped letter was posted gives rise to a presumption that it was received in due course (1 Wig. Ev., s. 95), so proof that no letter was received warrants a finding that it was never posted. If this plaintiff's testimony denying the receipt of the letter was believed, the jury would be warranted in going further and finding that the letter was not posted.    As in the first defence set up, the defendant fails to present a case which raises the question it argues.    The question here is not how the jury ought to be instructed, or what issues should be sent to them, but whether the evidence warrants a submission of the case to them upon any theory.    As the affirmative of this proposition plainly appears, there is no occasion to consider whether the case might also be submitted upon other theories.

The provision of the policy that no change or waiver of any of its provisions shall be valid unless an indorsement is added to the policy and signed by the United States manager of the company has no application to the present situation.    That provision relates to the contract the parties entered into.    This controversy is concerning the performance of a contract whose terms are not in dispute.    The question is not of altering a contract, but of estoppel by conduct.    "The law does not say the procedure was prefect, but that the question is not open."    *Blake* v. *Insurance Co.*, 12 Gray 265, 272.    Upon this point the case is identical with and governed by *Perry* v. *Insurance Co.*, 67 N. H. 291.

According to the stipulation of the parties, the plaintiff is entitled to judgment.

*Judgment for the plaintiff.*

PLUMMER, J., was absent: the others concurred.