## UNITED STATES FIRE INS. CO. v. L. C ADAM MERC. CO. et al.

No. 16255—Opinion Filed March 23, 1926.

**1. Evidence—Carbon Copy of Letter as Primary Evidence.**

A carbon impression of a letter written on a typewriter made by the same stroke of the keys as the companion impression is an original. Either impression is primary evidence of the contents of the letter, and notice to produce the original mailed letter in order to introduce one of the retained copies in evidence is not necessary.

**2. Evidence—Presumption of Delivery of Letter Properly Posted.**

When a letter is sent out by post and mailed properly addressed, the presumption of its receipt by the party to whom it is addressed arises, and this prima facie presumption of delivery remains until overcome by contradictory evidence.

**3. Insurance—Fire Policy—Title of Property—Knowledge of Agent Imputed to Company.**

In the absence of fraud on the part of the insured disclosures as to the actual status of title to the insured property made by the insured to a soliciting agent of a fire insurance company at the time of the taking of the application for a policy, said insurance agent acting at all times within the scope of his authority, is knowledge which by law will be imputed to the fire insurance company issuing the policy.

**4. Same—Estoppel of Insurer to Deny Liability.**

If the soliciting agent of an insurance company, acting within the scope of his authority and in the usual course of his duties as such agent, receives information of the exact condition of the title of the insured at the time of the issuance of the policy, the insurance company is estopped to defend, in an action on the policy, on the ground that the policy contains a provision making it void if the ownership by the insured of the

property covered by the insurance was not at the time absolute or unconditional.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by B. H. Mears, L. C. Adam Mercantile Company, and F. M. Hubbard, against United States Fire Insurance Company of New York, to recover on fire insurance policies. Judgment for plaintiffs, L. C. Adam Mercantile Company and F. M. Hubbard, and defendant appeals. Affirmed.

F. A. Rittenhouse, Frank E. Lee, and John F. Webster, for plaintiff in error.

Charles B. Wilson and S. C. Bloss, for defendants in error.

Opinion by FOSTER, C. This was an action on two fire insurance policies commenced in the court below by the defendants in error, the L. C. Adam Mercantile Company, a corporation, F. M. Hubbard, and B. H. Mears, hereinafter referred to as plaintiffs, against the plaintiff in error, United States Fire Insurance Company of New York, a corporation, hereinafter referred to as defendant. The policies of insurance were attached as exhibits to plaintiffs' petition, and insured the plaintiff B. H. Mears against loss by fire of a hay barn located near Grainola in Osage county, which, it was alleged, had burned on the 31st of August, 1923, and was of the value of $2,400. One of the policies issued on the 1st day of July, 1923, carried insurance in the sum of $1,500, and the other policy issued on August 6, 1923, insured such property in the further sum of $400.

It was alleged that on the 5th day of November, 1923, subsequent to the fire, the plaintiff Mears executed an assignment of his interest in the policies to his coplaintiffs. After demurrer by the defendant to the plaintiffs' petition, and each cause of action thereof, had been overruled and exceptions saved, the defendant answered, setting up, among other things, that the policies sued on were void ab initio, in that the interest of the insured in the property covered by the policies was not sole and unconditional ownership thereof, and that, inasmuch as it had not been otherwise provided in said policies by agreement in writing indorsed thereon, the policies were void from the beginning by reason of the following provision contained therein, to wit:

"This entire policy shall be void. * * * if the interest of the insured be other than unconditional and sole ownership."

Trial was had to the court and a jury.

At the opening of the trial the defendant entered its motion for judgment on the pleadings, and further objected to the introduction of any evidence on the ground that the petition failed to state a cause of action. The demurrer of the defendant to the evidence of the plaintiff, interposed at the conclusion of plaintiffs' evidence, and its motion for a directed verdict at the close of all the evidence were both overruled by the court and exceptions allowed. Verdict was rendered in favor of the plaintiffs Adam Mercantile Company and F. M. Hubbard for $1,517.76, the amount of the policies, less unpaid premiums. Motion for judgment notwithstanding the verdict was filed by the defendant, heard, and overruled, and judgment was thereupon entered in accordance with the verdict of the jury. From this judgment, and from an order overruling its motion for a new trial, the defendant appeals.

The first proposition relied on by the defendant for a reversal of the judgment is as follows:

"The plaintiffs Mercantile Company and Hubbard are not entitled to recover because the interest of the assured, B. H. Mears, through whom said plaintiffs claim, was not sole and unconditional ownership, rendering said policies void ab initio."

We do not question the soundness of the argument advanced by the defendant in support of the above proposition, and if it could be said, under the record in this case, that the defendant had no knowledge of the actual condition of the title at the time the policies in question were issued, we would have no hesitancy in ordering a reversal of the cause.

This brings us to defendant's second proposition, as follows:

"The plaintiffs Mercantile Company and Hubbard are not entitled to recover because defendant had no knowledge of the condition of the title to the insured property and because Rogers had no power to waive the conditions of the policies, and because there was no waiver thereof and no estoppel against the defendant to deny liability."

It is contended by the plaintiffs that the defendant, at the time the policy was written, had exact knowledge as to the condition of the title, and will be held to have waived any provision of the policy which it actually delivered which, on account of the title, may have rendered the policy null and void. In order to dispose of this question it will be necessary briefly to review the evidence as disclosed by the record. It appears that the plaintiff B. H. Mears owned the property on which the policies of insur-

ance in question were issued on and prior to June 29, 1923. On that date an escrow contract was entered into between B. H. Mears and L. C. Adam Mercantile Company and F. M. Hubbard, whereby a deed covering the property in controversy was executed by Mears, as grantor, to the mercantile company and Hubbard as grantees, and with the contract was placed in escrow with the Citizens National Bank of Cedarvale, Kan. The grantees paid the grantor the sum of $500 in cash, and under the terms of the contract the deed to the property was to be delivered to the grantees on payment of $1,500, with interest from August 25, 1923, at the rate of 8 per cent., not later than December 29, 1923. It was further provided that if the $1,500 was not paid within six months from the date of the contract, the initial payment of $500 should be forfeited to Mears and the deed returned to him. B. H. Mears testified that he had been carrying some insurance in other companies, of which one Tom Rogers was agent, and on the following day he wrote a letter addressed to Rogers at Newkirk, Okla., and desposited same in the mails with postage thereon prepaid, of which the following is a carbon copy:

"Grainola, Okla., 6-30-23. Mr. Tom A. Rogers, Newkirk, Okla. This will advise you that I have sold my elevator here to Mr. E. E. Willson of Cedarvale, Kan., and I am enclosing herewith the elevator policies assigned to him for your approval.— Fire Pol. No. 1077 and Tor Policy s-5830. I have also sold my hay barn to Adam Merc. Co. of Cedarvale, Kan., but the title will not change for 60 days. I want policies No. 09 84548 and 10327 34 canceled and write a new 3-year policy on the residence. Apply sufficient of the unearned premium to pay the Rs property ins. and send ck for balance. Write a new policy separate on hay barn in my name for $1,500 and at the end of 60 days I will assign to Adam, they will pay same. Send all to me. B. H. Mears."

He further testified that on the next day, which would be July 1, 1923, Tom A. Rogers called Mears on the telephone, Rogers being at Newkirk and Mears at Grainola, and suggested that $1,500 was a larger policy than should be written, and asked that the policy be written for $1,200. Mears consented to this, and the $1,200 policy dated July 1, 1923, was written and forwarded to Mears. It appears that the Adam Mercantile Company and Hubbard took possession of the property, and on the 25th day of August, 1923, $500 additional was paid on the purchase price, leaving $1,000 unpaid. The fire occurred August 31, 1923. After the Mercantile Company and Hubbard had tak-

en possession of the property they added a shed to the hay barn purchased from Mears, and upon the completion of this improvement F. M. Hubbard testified that he wrote the following letter to Tom A. Rogers and deposited same in the mails:

"We have just completed a shed on the west side of the barn, we bought of Ben Mears at Grainola, Okla. * * * We would like to place $400 fire and tornado insurance on this addition to the barn. This will make $1,600 on the barn. The insurance to be placed just the same as the $1,200."

A $400 policy was thereupon issued dated August 6, 1923, and returned to Mears. It is true that Rogers, while on the witness stand, denied receiving these letters, but the weight of the evidence was for the jury to determine, and the jury by its verdict having determined the matter against the defendant, its finding is conclusive.

It is contended by the defendant, however, that no demand having been made upon the defendant for the original letter, the admission of a carbon copy thereof was improper. This contention cannot be sustained. In Reeves & Co. v. Martin, 20 Okla. 558, 94 Pac. 1058, it is said:

"When three letters or notices are written simultaneously by the local agent of one of the parties to the action, signed by the same individual, containing the same words and addressed to the same person, the principal of said local agent, one being retained by said agent and the other by the party signing the same, and the other sent by registered letter to the principal, notice to produce the original paper in order to introduce one of the retained copies in evidence is not necessary. Such copy, when offered to charge the party principal to whom the same was sent by mail, may be considered not as a copy, but as an original."

Continuing, the court said in the third paragraph of the syllabus:

"When a letter is sent by post or mail, properly addressed, the presumption of its receipt by the party to whom it is addressed arises, and this prima facie presumption of delivery remains until overcome by contradictory evidence."

It is urged by the defendant that, since by the uncontradicted evidence it is shown that Rogers was only a soliciting agent for the defendant, the knowledge obtained by him as to the status of the title of the plaintiff is not imputable to it so as to operate as a waiver of the provision of the policy delivered, making the policy void where the ownership of the property by the insured was not absolute or unconditional.

It appears in this connection that Ed.

P. Souligney, otherwise referred to as the Souligney Agency, was the issuing agent of policies for the defendant, with power to issue and deliver policies of insurance on behalf of the defendant, and since the uncontradicted evidence shows that the issuing agent did not have knowledge of the status of the title of the .insured prior to the issuance of the policy, it is contended that the defendant was without any knowledge in relation thereto, notwithstanding its soliciting agent, Tom Rogers, may have received such knowledge. This contention cannot be sustained.

In this case, the agent, Rogers, was admittedly clothed with authority to solicit insurance on behalf of the defendant. Acting within the scope of his authority he took the application of B. H. Mears and forwarded it by telephone or letter to the issuing agent, Ed. P. Souligney of Ponca City. In negotiating the contract of insurance certain information was communicated to Rogers in connection with that transaction. It is not contended that there was any fraud on the part of the insured in communicating this information. Among other things he was informed that the equitable ownership of the property had passed to Hubbard and the Adam Mercantile Company. In receiving this information the agent must be regarded as acting within the scope of his authority as soliciting agent in like manner as in seeking and receiving information as to the amount of the insurance desired. The information was undoubtedly communicated as a part of the transaction by which Rogers negotiated the contract of insurance. It must be borne in mind that this information was not communicated to Rogers after the policy was issued and delivered, but was communicated as a part of the identical transaction which resulted in the issuance of the policy. Nor are we dealing here with what is called, a home office policy issued direct by the president and secretary of the company, as was the case in Merchants & Planters Ins. Co. v. Marsh, 34 Okla. 453, 125 Pac. 1100.

The rule applicable to this case is stated in State Mutual Ins. Co. v. Green, 62 Okla. 214, 166 Pac. 105. In that case, as in the case at bar, the insurance was negotiated by a mere soliciting agent who took the application of the insured. In the Green Case our court announced the rule as follows in the first and second paragraphs of the syllabus:

"In the absence of fraud on the part of the insured, disclosures as to actual status of title to insured property made by the insured or the agent of the insured to a soliciting agent of a fire insurance company at the time of the taking of the application for a policy, said insurance agent filling out date of said application blank, presenting the same to insured and procuring her signature thereto, collecting the premium for said insurance policy, and acting at all times within the scope of his authority, are knowledge which by law will be imputed to the fire insurance company issuing the policy.

"Where a soliciting agent of a fire insurance company is fully informed of the status of title to lots upon which the property to be insured stands, and in the usual course of his duties as such agent prepares an application for a policy of insurance upon such property in the name of the wife, the record title thereto being in the husband, the said property being the homestead of the insured and her husband, and the agent of the insurance company being fully informed of all these facts prior to and at the time of the taking of the application, held, that the insurance company is estopped to defend, in an action on the policy, on the ground that said application, in stating that the title to said property was in the wife, contained a material misrepresentation."

In the body of the opinion this statement is quoted with approval from Allen v. Phoenix Assur. Co., 12 Idaho, 653, 88 Pac. 245, as follows:

"If 'the insured truthfully and correctly stated the nature and condition of his title in making his application for insurance, he will not be precluded from recovering in case of loss on account of a contrary statement as to title. inserted in the policy.' "

And again this statement from Phipps v. Union Mutual Ins. Co., 50 Okla. 135, 150 Pac. 1083, is quoted with approval:

"But we think it is equally well settled that even a mere soliciting agent may bind the company as to matters within the scope of his authority."

See, also, Western Nat. Ins. Co. v. Marsh, 34 Okla. 414, 125 Pac. 1094.

The rule announced in Merchants & Planters Ins. Co. v. Marsh, 34 Okla. 453, 125 Pac. 1100, heretofore referred to, is not applicable to the instant case.

Under the rule announced in the case cited we conclude that, the soliciting agent of the defendant having received information of the exact condition of the title of the insured at the time of the issuance of the policy, the insurer must be held to have waived the provision in the policy making it void if the ownership by the insured of the property covered by the insurance is other than absolute or unconditional.

Since the policies were not void as to Mears, the subsequent delivery of the deed

to L. C. Adam Mercantile Company and F. M. Hubbard, and the assignment of his cause of action to them, vested the interest of Mears in the mercantile company and Hubbard, who thereupon were entitled to recover in the action..

The judgment of the trial court is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 22 C. J. p. 1024 § 1314; anno. 12 L. R. A. (N. S.) 343; 10 R. C. L. p. 1149; 2 R. C. L. Supp. p. 1159; 4 R. C. L. Supp. p. 694. (2) 22 C. J. p. 96 § 36; 49 L. R. A. (N. S.) 458; 21 R. C. L. p. 764; 4 R. C. L. Supp. 1429; 5 R. C. L. Supp. p. 1171. (3) 26 C. J. p. 298 § 368; 14 R. C. L. pp. 1167 et seq.; 3 R. C. L. Supp. 351. (4) 26 C. J. p. 316 § 390.