## KEELING v. TRAVELERS INS. CO. OF HARTFORD, CONN.

No. 26662.   March 30, 1937.

Rehearing Denied April 20, 1937.

Application for Leave to File Second Petition for Rehearing Denied May 18, 1937.

Meachem, Meachem & Meachem, for plaintiff in error.

Randolph, Haver, Shirk & Bridges and Al C. Thomas, for defendant in error.

BAYLESS, V. C. J. James B. Keeling, beneficiary under a policy of life insurance issued to Elsie Dora Keeling, his wife, by the Travelers Insurance Company, Hartford, Conn., instituted an action in the district court of Custer county, Okla., to recover upon said policy the difference between its face value and the loan theretofore made upon its security. The trial court sustained a motion for directed verdict on behalf of the defendant.

Several questions are presented, but it is necessary to discuss only one. The sole question relates to the existence of any evidence on the part of the plaintiff to raise an issue of fact for the jury as to whether notice of cancellation was mailed.

The policy involved was matured, that is, all premiums contracted to be paid had been paid, but the benefits were not payable until the death of the insured. The insured, joined by the beneficiary, borrowed the maximum loan value on the policy. This loan was due about September 9, 1932, and was not paid or extended by any partial payment on principal or interest. The policy provided, in substance, that any time a loan, for the maximum amount, was in default by failure to pay principal or interest, the policy might be canceled upon notice. The loan agreement provided notice of cancellation was complete when notice had been mailed. In other words, it was agreed between the parties that mere mailing of the notice constituted notice, and, in consequence, receipt was not a part of the process by which notice was given.

This court has heretofore announced that when it is shown that a letter was prepared for mailing, was stamped and put into the mail, a presumption arises that the addressee received the letter in due course. Reeves & Co. v. Martin, 20 Okla. 558, 94 P. 1058, U. S. Fire Ins. Co. v. L. C. Adams Merc. Co., 117 Okla. 73, 245 P. 885, and other cases.

This presumption arises and is indulged because of the known dependability and regularity of the mails. This presumption is rebuttable. The defendant introduced evidence that the letter containing the notice was mailed. But the clerk who so testified did not base her testimony upon a personal, independent recollection of the particular letter, but based it upon the routine of her tasks and the office records she kept, which indicated that she had performed her routine duty.

The plaintiff testified that neither he nor his wife, during her lifetime, received the notice. He explained why he knew his wife did not receive the notice by testifying she was not able during this time to go for the mail, that she could not read (ostensibly compelling her to submit to her husband her mail for perusal), and that he always got the mail. Since the presumption above discussed arises because of our confidence in the mails, we must likewise apply it conversely, and when a person swears he did not receive a letter, a presumption arises that it was not mailed. It at least raises a doubt on that point.

We do not hold that actual receipt of the letter was essential to notice of cancellation; but we do hold that when plaintiff testified he did not receive the letter, he thereby raised a question of fact for the jury as to whether it was mailed. This identical question was so decided in the case of Wilson v. Franklin Marine, etc., Ins. Co., 77 N. H. 344, 91 Atl. 913, and that court said:

"One error in this argument is the assumption that the jury must find that the letter was written and mailed. The presumption arising from the known regularity of the United States mail service is as available for the supposed receiver of the letter as for the alleged sender thereof. If proof that a properly addressed and stamped letter was posted gives rise to a presumption that it was received in due course (1 Wig. Ev. sec. 95), so proof that no letter was received warrants a finding that it was never posted. If this plaintiff's testimony denying the receipt of the letter was believed, the jury would be warranted in going further and finding that the letter was not posted."

See, also, 22 C. J. 102, sec. 44, note 50.

In our opinion the issue should have been submitted to the jury. The jury may well have chosen to believe the letter was not mailed from the character of the insurance company's clerk's testimony.

Judgment reversed.

OSBORN, C. J., and PHELPS, CORN, and GIBSON, JJ., concur.