## NATIONAL AID LIFE ASS'N v. COOPER.

No. 27240.   June 8, 1937.

Snyder, Owen & Lybrand, for plaintiff in error.

Smith & Buckles, for defendant in error.

CORN, J.   This is an action brought against the National Aid Life Association by Mary E. Cooper, as beneficiary under a policy of insurance issued to her husband, Oscar H. Cooper.   In her petition she alleged his death at Dallas, Tex., on November 23, 1934; that said policy and membership in the defendant company was in good standing at the time of death; and that proof of death was made, but that the defendant refused to pay.   By its amended answer the defendant admitted its corporate existence, the execution and delivery of the policy, but stated that the deceased allowed the policy to lapse, under conditions provided in the by-laws of the association, and for this reason denies liability thereon.

The cause was tried in the common pleas court of Oklahoma county on October 3, 1935, and the plaintiff obtained judgment for $1,000, the face of the policy, plus interest, from which judgment the defendant appeals.   The parties will be designated herein as they appeared in the trial court.

The defendant alleges numerous errors in the proceedings at the trial, but in the appeal brief directs all its arguments toward one point, namely, whether the association did mail notice of the monthly call to the deceased.

The parties stipulated that the by-laws were a part of the insurance contract; that there was a registration call for the assessment; and that this registration, under the provisions of the by-laws, was prima facie evidence of mailing the notice of the call.   By its answer the defendant admitted issuance and delivery of the policy and assumed the burden of proof, setting up that it gave notice of the call, but that the deceased did not pay said amount specified therein and thereby allowed the policy to lapse.

It was brought out by the testimony at the trial that when the deceased, who for twelve years had kept his policy in good standing by prompt payment of the calls, received the lapse notice, he immediately sent the amount of the call.   The company held this amount and notified him that he would have to apply for reinstatement.   However, there was no reinstatement for the reason that the insured died before this could be done.

Before attempting any discussion of the issues involved, it may be well to show just how the business in question was conducted. The association is of the ordinary mutual benefit type, conducting a mutual benefit life, accident, and old age insurance business.   The members were placed in different groups and were issued group plan benefit certificates.   As provided in said policy,

they were liable for assessments at the rate of $1 per thousand of death benefits stipulated in the policy, plus ten cents service charge. The 'assessments, or "calls," were made by the executive board; an entry was then made on the assessment ledger for a particular group, and presumably notices were mailed to the members of a group, notifying them of the assessment. The by-laws provide that when this assessment ledger shows the entry of an assessment against a particular group, that "same shall be taken as prima facie evidence that said assessment has been levied or the call made as of the date it bears, including the mailing of proper notices to all members of said group on or prior to said date."

One issue is controlling in the instant case, hence discussion will be necessary only as to this point. This question is: Did the plaintiff produce any evidence at the trial sufficient to raise an issue of fact for the jury as to whether notice of the assessment or call was mailed? (The plaintiff's position being that, since no notice of the call was received, it was not mailed, and the policy could not lapse for nonpayment of the assessment.)

In numerous decisions by this court it has been held that when it is shown that 'a letter' was prepared for mailing, stamped and placed in the mail, this will raise the presumption that the party to whom it was directed received it. Reeves & Co. v. Martin, 20 Okla. 558, 94 P. 1058; U. S. Fire Ins. Co. v. L. G. Adams Mercantile Co., 117 Okla. 73, 245 P. 885. This presumption is indulged in because of the known dependability of the mails. But this presumption is rebuttable. The defendant used its employees as witnesses, and they testified that by the usual procedure and custom the letter was prepared for mailing, and the mailing clerk testified as to the notice being mailed, basing his knowledge upon the customary routine and procedure of the office. However, he admitted that he had no personal recollection of the mailing of the particular letter in question.

From a review of the record it is evident, although the testimony did not cover this as. completely as possible, th'at during November, due to the deceased's condition, had any notice of the assessment been mailed to him, Mrs. Cooper would have received it in the course of her daily affairs. The record reflects that during the month of November the deceased was in such condition that he w'as unable to do anything about the house, and that the plaintiff took care of all the affairs of the household.

The court has recently had occasion to pass upon this same question in Keeling v. Travelers Ins. Co. of Hartford, Conn., 180 Okla. 99, 67 P. (2d) 944. In that case the question arose over the mailing of a notice of cancellation of an insurance policy, the plaintiff testifying that no such notice of cancellation was ever received. There the court said:

"* * * Since .the presumption above discussed arises because of our confidence in the mails, we must likewise apply it conversely, and when a person swears he did not receive a letter, a presumption arises that it was not mailed. It at least raises a doubt on that point.

"We do not hold that actual receipt of the letter was essential to notice of cancellation; but we do hold that when plaintiff testified he did not receive the letter, he thereby raised a question of fact for the jury as to whether it was m'ailed."

In Wilson v. Franklin Marine, etc, Ins. Co., 77 N. H. 344, 91 Atl. 913, that court, in passing upon this same question, said that the presumption arising from the known dependability of the United States mails is as available for the addressee of a letter as for the sender, and that proof no letter was received warrants a finding that it was never mailed; that if the jury believes the testimony denying the receipt of the letter, then it would be warranted in going further and finding th'at the letter was not posted.

Apparently, in the instant case, the jury heard the testimony of both the plaintiff and the defendant in this regard, and from deliberation as to the facts and circumstances, determined th'at the notice in question was not mailed, and that for this reason the deceased was not in default by reason of the lapsation of his benefit certificate.

There being no error in the proceedings in the court below, the judgment of the trial court is affirmed.

OSBORN, C. J., 'and WELCH, PHELPS, and HURST, JJ., concur.