## MID-CONTINENT LIFE INSURANCE CO. v. FREEMAN.

No. 27557. Nov. 16, 1937.

Rehearing denied Jan. 11, 1938.

Rittenhouse, Webster & Rittenhouse, for plaintiff in error.

Williams, Cowan, & Benedum, for defendant in error.

CORN, J. This is an appeal by the Mid-Continent Life Insurance Company, defendant below, from a judgment rendered against it in the district court of Cleveland county, in an action brought by Lessie M. Freeman to recover under the double indemnity provision of a policy of insurance issued on the life of Roger L. Freeman, her husband. Hereafter the parties will be referred to as they appeared in the trial court.

The defendant's demurrer to the evidence was overruled, and a motion for a directed verdict was denied. After hearing the testimony and receiving instructions from the court, the jury returned a verdict in favor of the plaintiff for the face amount of the policy, less all indebtedness, amounting to $917. From this judgment the defendant appeals to this court, and asks reversal of this judgment upon the ground that the verdict and judgment are contrary to the law, and are not supported by sufficient evidence.

The one controverted question decisive of this appeal was whether the insured had executed and mailed to the defendant a note and health certificate, together with a $3.10 remittance, to provide for a reinstatement of his policy, which had lapsed for nonpayment of premiums, prior to the time of his last illness. If the insured did, it was conceded that the policy was in force at the time of his death, and that the plaintiff would be entitled to recover; if not, then the verdict should have been for the defendant.

In brief, the evidence was to the effect that the insured received a letter from the defendant, dated July 6, 1933, calling attention to the fact that his policy had lapsed for nonpayment of the premium due June 2, 1933. The letter advised him that if he would sign and return the inclosed note and health certificate, together with $3.10, the policy would be reinstated and continue in force until October 2, 1933.

The plaintiff's evidence went toward showing that the insured had complied with these directions, placing the note, certificate, and remittance in a self-addressed envelope, and giving it to the rural letter carrier with directions for him to buy a money order, inclose it in the envelope, and mail to the defendant. He was also to sign the health certificate as a witness.

The testimony of the mail carrier was that he had witnessed the health certificate, but did not remember a great deal more about the matter. He testified further that, although he had accepted money orders from the plaintiff, there was no record of the money order alleged by the plaintiff to have been sent, and that the records did not disclose the issuance of a money order for such amount.

On her own behalf the plaintiff testified

that she knew a money order had been purchased, and that she knew the defendant received this reinstatement because she received a receipt. However, on cross-examination, she admitted that she was unable to find the receipt mentioned, and had never found it.

For the defendant the evidence was directed toward showing the methods of handling this business and that no note, health certificate, or payment for reinstatement had ever been received. Further, that it had received no response at all to the letter of July 6, 1933, until inquiry was made concerning the status of the policy a few days prior to the death of the insured. Taken as a whole, the testimony then discloses that the plaintiff contends that everything necessary for keeping the policy in force was mailed to the defendant, while the defendant shows that nothing of this nature was ever received by the company.

The plaintiff insists that the law in the case is to be found in the recent case from this court of Keeling v. Travelers Ins. Co., 180 Okla. 99, 67 P. (2d) 944, and depends upon this and similar cases for support of her theory here. However, there are certain distinguishing features to be noted. The first paragraph of the syllabus in the Keeling Case, supra, states:

"When a party introduces proof that a letter, duly addressed to a person, is deposited in the United States mail and has thereon sufficient postage to insure its carriage, a presumption of fact arises that the addressee received the letter, and this presumption is rebuttable; and when the addressee introduces proof he did not receive the letter, a presumption of facts arises that the letter was not mailed, and the issue of whether such letter was mailed is for the jury."

We are unable to hold that the instant case should be decided upon the basis of the Keeling Case, supra. In the first place, it was not sufficiently shown that the letter in question was deposited in the mails, in the manner required to raise the presumption in favor of this plaintiff. The letter in question was handed to the mail carrier, unsealed, not prepared for posting, but with directions for him to perform certain acts in regard to it before it was ready to be posted. Without entering any discussion of agency, but more for the expression of the term, it may be said that the plaintiff placed the letter carrier in the position of an agent, to perform certain acts for her, all directed toward the mailing of this letter. The facts are insufficient to establish that this letter was mailed.

For there to have been a reinstatement such as to make this policy collectible, by reason of being in force at the time of the death of the insured, the plaintiff had to actually show the mailing. The plaintiff introduced testimony tending to show mailing of the letter, but the mail carrier did not absolutely testify to the fact of mailing, but rather that if it was given to him, he mailed it. On the other hand, the records of the post office failed to show any request made for a money order, or that any was issued to the plaintiff in the amount she stated was sent to cover the remittance for reinstatement of this policy.

In the case of Wilson v. Frankfort Marine, etc., Ins. Co., 77 N. H. 344, 91 Atl. 913, the Supreme Court of that state held, in effect, that the presumption arising from the known regularity of the mails is as available for the supposed receiver of the letter as for the alleged sender thereof. That, if proof that a letter was properly addressed, stamped, and posted gives rise to a presumption that it was received, then proof that no letter was ever received warrants a finding that it was never posted. See, also, the recent case from this court of National Aid Life Ass'n v. Cooper, 180 Okla. 206, 69 P. (2d) 58.

This court has often announced the rule that if there is evidence reasonably tending to support the verdict of the jury, the verdict will not be disturbed on appeal.

In order for the jury's verdict to be allowed to stand, there must be competent evidence which, if uncontradicted, will constitute prima facie proof of every fact essential to establishing the cause of action, or defense, upon which such verdict is based.

Consideration of the record reveals that the plaintiff dealt with the mail carrier in such a manner that no presumption of mailing, within the decision of the Keeling Case, supra, could be raised in her favor.

Judgment of the trial court is reversed and the cause remanded for a new trial.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, PHELPS, GIBSON, HURST, and DAVISON, JJ., concur. RILEY, J., absent.