## MILLER v. MILLER.

No. 27764. March 22, 1938.

F. L. Welch, for plaintiff in error.

Louie Gossett, for defendant in error.

PHELPS, J. On October 6, 1932, District Judge Earl Welch granted the plaintiff a divorce. At that time it appeared prob-

able that the parties were about to agree on a property settlement, and the decree left this phase of the matter open for further adjudication at some later date, the provision to that effect being:

"It is a further order of the court that this cause is continued in so far as division of property, support of children and suit money is concerned until such a time as may be reset for hearing by either of these parties, such setting and hearing must be upon a **ten** days' written notice to the adverse party or his attorney."

On December 15, 1932, pursuant to a written notice hereinafter discussed, a further hearing was had, and the trial judge entered an order granting plaintiff an undivided one-half interest in 160 acres of land owned by the defendant.

On July 5, 1933, the courthouse burned and the records were destroyed. Thus no official record of plaintiff's title existed.

On May 7, 1935, plaintiff filed her "application to substitute pleadings," wherein she set forth the foregoing facts, and, in view of the fact that the title records of the county were silent as to her interest in the property, on account of the fire, prayed that she be permitted to substitute the copy of the order of December 15, 1932, which had been retained by her attorney, for and in lieu of the destroyed original of said order. Also, she asked that the other pleadings in the case be substituted in a similar manner.

In the meantime Judge Welch had been elected to the Supreme Court of the state, and the hearing on the above application came on for consideration before the present district judge. Justice Welch did not testify. Pursuant to that hearing, at which much evidence was considered, the trial judge found that former District Judge Welch did, in fact, make such order on December 15, 1932, and granted the application of plaintiff to substitute pleadings, from which order the defendant appeals.

The defendant does not question the sufficiency of the evidence to sustain the finding that Judge Welch did, in fact, enter the judgment of December 15, 1932, decreeing plaintiff an undivided half interest in the property. That question is not before us.

The only proposition presented by defendant is that proper notice of the hearing of December 15, 1932, was not given him ten days in advance thereof as required by the decree of divorce dated October 6, 1932; that therefore he did not appear at the hearing on December 15, 1932, and that the present trial judge, for that reason, should not have permitted the substitution of the copy of that order for the destroyed original. Since there is no contention that the evidence was insufficient to sustain the finding that the former order was made, and the present trial judge found that it actually was made, the present argument of defendant amounts, in substance, to the assertion that the judgment of December 15, 1932, should be vacated because he was not properly served with notice of such hearing.

Aside from questions affecting the finality of such judgment in the absence of appeal or petition to vacate it, on which questions we do not herein rule, the evidence was sufficient to sustain the finding, in the order appealed from, that defendant was properly served with notice of the December 15, 1932, hearing. That notice was by letter, sent through the United States mail both to the defendant and to his then attorney, on December 3, 1932. The plaintiff's attorney and his office secretary both testified to this fact, while defendant and his former attorney denied receiving the notice. Whether the notice was sent, and also whether it was received, was thus a question of fact for determination by the trier of the facts, according to Keeling v. Travelers Ins. Co., 180 Okla. 99, 67 P.2d 944.

But the defendant draws attention to sections 261, 262, and 263, O. S. 1931, 12 Okla. St. Ann., sections 1112, 1113, and 1114. The first two of those sections prescribe that where notice "of a motion" is required, it must be in writing, and they set forth certain requirements not material here; they also require that such notice state the nature and terms of the order or orders to be applied for, etc., and the last of said sections provides that the service of a notice shall be made in the manner required by law for the service of a summons.

The above sections of the statutes refer to notices of motions. The ten-day written notice required by the decree of October 6, 1932, as copied above, was not notice of a motion. In order that the court could exercise jurisdiction to divide the property, or have a further hearing thereon, it was not necessary that either party file a motion to have the hearing resumed. According to the

wording in the decree of October 6, 1932, the court was apparently willing to take up the matter and finish it at any time agreeable to the parties, or to either party, upon that party's giving the other party ten days' written "notice." Notice of what? Notice, in effect and substance, that the hearing would be resumed. The defendant received that notice,—or so the trial judge was authorized to find. So the only complaint which is now made is, not that the trial judge was not authorized from the evidence to believe that the notice was received, but that it was not served with the same formality required by statute as to service of summons. The statute requires such service only when the notice is of a motion. This was not notice of a motion, and we hold that the notice given defendant was sufficient.

The defendant also draws attention to testimony indicating that plaintiff's attorney talked with defendant's then attorney on the morning of December 15, 1932, prior to the resumption of the hearing, and that the latter told plaintiff's attorney that he was not going to represent defendant further in the controversy, due to the fact that defendant had not paid him his fee. Defendant appears to be under the impression that plaintiff's attorney should then either have continued the hearing or notified defendant that his attorney refused to represent him further. While such action would have been commendable in plaintiff's attorney, the rules of procedure do not require it. It was incumbent upon the defendant to appear in court personally, or see to it that he was represented there by an attorney, or both. The defendant and his attorney had their side of the case, and the plaintiff and her attorney theirs. Sustaining the contention of defendant on this issue would be tantamount to holding that plaintiff's attorney was under a duty to protect the interests of his client's adversary. He is under no greater duty to his opponent than to extend to him the rights and opportunities prescribed by the law. This he did. The judgment is affirmed.

BAYLESS, V. C. J., and CORN, GIBSON, and HURST, JJ., concur.