## FARMERS INS. EXCHANGE v. TAYLOR.
### No. 4297.

United States Court of Appeals,
Tenth Circuit.

Jan. 2, 1952.

Draper Grigsby and Charles R. Nesbitt, Oklahoma City, Okl., for appellant.

Carloss Wadlington, Ada, Okl. (Turner M. King, Ada, Okl., on the brief), for appellee.

· Before PHILLIPS, Chief Judge, and HUXMAN and MURRAH, Circuit Judges.

MURRAH, Circuit judge.

The specific question presented by this appeal is whether a public liability automobile insurance policy, issued by appellant to one Lawson, had been effectively canceled on April 27, 1950, when his automobile was involved in an accident, resulting in a default judgment against him and in favor of the appellee, Taylor. The issues were joined in this garnishment proceedings by Taylor to subject the policy to the payment of the judgment. Based upon answers to interrogatories submitted to the jury, the trial court held the policy in force on the date in question, and rendered judgment against the insurance company for the limits of the policy in the amount of $5,000, plus interest and costs. This appeal is from that judgment.

There is no question about the issuance of the policy, effective February 22, 1950, for a period of six months ending August 22, 1950, or, if in force, that it covered the accident in question. When Lawson made application for the policy on February 22, 1950, he paid the agent $5.00 to apply on the total premium of $15.50, and was given sixty days to pay the balance. The policy contained the following provision for cancellation: "This policy may be canceled by the Exchange by mailing to the named insured at the address shown in this policy written notice stating when not less than five days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice and the effective date and hour of cancellations stated in the notice shall become the end of the policy period. * * *"

Invoking this provision of the policy, the company denied liability, claiming that it was canceled for nonpayment of the balance of the premium as of April 22, 1950, before the accident on the following April 27, by a notice of cancellation mailed

from its Kansas City office on April 12, 1950, to the insured at his address, 830 West 13th Street, Ada, Oklahoma. There is no positive and direct proof that the envelope containing the cancellation notice was stamped and placed in the Post Office at Kansas City, Missouri, but to prove mailing, the company introduced in evidence a copy of the cancellation notice, on which was stamped-marked "Proof of mail April 12, 1950". It also introduced in evidence what purported to be a proof of mailing, consisting of a form sheet apparently provided by the Post Office Department. This form recited receipt from the company at its address of the described ordinary mail on April 12, 1950, then followed the names of thirty addresses with their street and post office address. The name of J. B. Lawson and his address appeared at the bottom of the list. The form bore the April 12, 1950 Kansas City, Missouri Post Office stamp, but it was not signed or initialed by the Postmaster or any one in his behalf in the space provided therefor for acknowledgement of the receipt of the enumerated pieces of mail.

The Office Manager for the company testified that according to routine procedure, the notice of cancellation was prepared by the notice clerk, addressed to the insured, placed in an envelope, and his name and address written on the proof of mailing form. He testified that the proof of mailing was made up under his direction, and that this letter, along with the other letters listed on the proof of mailing form, would be presented by one of its employees to the postal clerk, who checks the mail against the list and stamps the list to show that the letters listed therein had been mailed. He testified that the envelope containing the cancellation notice was never returned to his office, nor was the balance of the premium ever paid.

The company also introduced in evidence a copy of the original invoice, stamp-marked "Canceled", below which appeared the dates "May 3, 1950" and "April 12, 1950". When questioned about the May 3, 1950 date, the Office Manager stated that the "Canceled" stamp on the invoice with the dates was merely advice to another department of the final cancellation, but that the policy was canceled as of April 22, 1950.

Lawson denied ever having received the notice of cancellation. He did admit receipt of and offered in evidence a cancellation notice received by registered mail on May 5, 1950, reciting that the policy had been canceled as of 12:01 a. m. April 22, 1950, and that the original notice had been mailed on April 12, 1950.

Two days after the accident, Lawson's daughter tendered the balance of the premium to the company's local agent in Ada, and it was refused. Later, Lawson and his attorney tendered the amount in writing, and it was again refused. A company representative advised Lawson while he was in jail, and its lawyer represented him at the preliminary hearing on the criminal charge against him. It undertook the defense of the civil action with reservation, but withdrew before the rendition of the default judgment on the ground that the policy had been canceled.

The trial court submitted to the jury two interrogatories: first, did the company mail the cancellation notice on April 12, 1950; and second, if so, did Lawson receive it. The jury was instructed that the burden was on the company to show by a preponderance of the evidence that the notice of cancellation was mailed, but that satisfactory proof of mailing raised a rebuttable presumption of receipt of the same through the United States mails; and that Lawson's testimony to the effect that he didn't receive it raised another presumption that it wasn't mailed. The jury resolved the clash of presumptions by answering the first interrogatory in the negative to the effect that the notice of cancellation dated April 12, 1950, was never mailed.

On appeal, the company takes the position that the only prerequisite to the cancellation of the policy was the mailing of the notice at least five days before the cancellation date, and that the evidence unequivocally shows such mailing on April 12, 1950, before cancellation date on April 22, 1950; that this being so, the policy was not in force on the date of the accident.

There is respectable authority for the proposition that the parties to an insurance contract are free to contract on the manner in which the statutory notice of cancellation shall be given. And where the parties by their contract specifically agree that the mere mailing of notice effects cancellation, the courts will enforce the contract, based upon a finding of actual mailing. Sorensen v. Farmers Mutual Hail Ins. Ass'n, 226 Iowa 1316, 286 N.W. 494, 123 A.L.R. 1000; Genone v. Citizens Ins. Co. of New Jersey, 207 Ga. 83, 60 S.E. 2d 125; Gendron v. Calvert Fire Ins. Co., 47 N.M. 348, 143 P.2d 462, 149 A.L.R. 1310; Boyle v. Inter Insurance Exchange of Chicago Motor Club, 335 Ill.App. 386, 82 N.E.2d 179; Aetna Ins. Co. v. Aviritt, Tex.Civ.App., 199 S.W.2d 662; Wright v. Grain Dealers Nat. Mutual Fire Ins. Co., 4 Cir., 186 F.2d 956. And, contractual provisions of this sort have not been thought to conflict with statutes providing for the giving of five days written notice before cancellation. The reasoning is that since the statute does not provide the manner or kind of notice, the parties are free to do so. Sorensen v. Farmers Mutual Hail Ins. Ass'n, supra. These same authorities hold that convincing evidence of mailing is not rebutted merely by evidence that the notice was not actually received. Wright v. Grain Dealers Nat. Mutual Fire Ins. Co., supra; Boyle v. Inter Insurance Exchange of Chicago Motor Club, supra; Aetna Ins. Co. v. Aviritt, supra.

But, there is a decided split in the authorities on this proposition, and the weight of authority seems to be that the receipt of the notice of cancellation mailed by the insurer is essential to effective cancellation of the policy. See Annot. 123 A.L.R. 1008; 29 Am.Jur., Insurance, p. 264, Sec. 285. The reasoning in support of this view is to the effect that the statute providing that five days notice shall be given to the insured before cancellation, necessarily enters into and becomes a part of the insurance contract, and fairly construed, the word "notice" contained therein means actual notice to the insured. Galkin v. Lincoln Mutual Casualty Co., 279 Mich 327, 272 N.W. 694. This being an Oklahoma

contract, the law of Oklahoma controls its interpretation and legal effect, and the Oklahoma courts have left no room for doubt that actual notice is essential to a compliance with its statute. Referring to the statute on notice, 36 O.S.A. § 14, the Oklahoma court in Great American Indemnity Co. v. Deatherage, 175 Okl. 28, 52 P.2d 827, 831, said that "Under this section, the court is of the opinion that the burden is upon the garnishee to establish by competent evidence that they served due notice upon the [insured] of the canceling of the policy", and "The fact that the notice was not received by any of the parties to whom it was supposed to have been sent would create a presumption that the notice never was sent, at least that the notice was not received by the defendant company, and under the above section of our statutes, we believe that it is incumbent upon the insurance company to see that the insured received the notice of cancellation." And further, "The company having made the post office its agent in delivering the notice * * * the burden is upon it to prove to the satisfaction of the court that said notice was delivered."

[3, 4] In Keeling v. Travelers Ins. Co., 180 Okl. 99, 67 P.2d 944, the Oklahoma court was dealing with a life insurance contract, under which actual receipt of the letter was not essential to notice of cancellation. But, it nevertheless held that when the insured testified he did not receive notice of cancellation he thereby raised a question of fact for the jury as to whether it was mailed, and quoting from Wilson v. Frankfort Marine-Accident & Plate Glass Ins. Co., 77 N.H. 344, 91 A. 913, 914, it said, "If proof that a properly addressed and stamped letter was posted gives rise to a presumption that it was received in due course * * * so proof that no letter was received warrants a finding that it was never posted." The Keeling and Wilson cases were subsequently cited with approval by the Oklahoma court in National Aid Life Association v. Cooper, 180 Okl. 206, 69 P.2d 58, 60, in which the court reaffirmed the rule that proof of placing a stamped letter in the mail raised a rebuttable presumption that it was received

in due course of the mails, but where, as here, the proof of mailing is based upon "customary routine and procedure of the office", evidence that the letter was not received also created a presumption that it was not mailed.

It is thus clear that under Oklahoma law, the ultimate factual issue was not whether the notice of cancellation was mailed, but whether it was in fact received by the insured. In resolving that issue, the jury was asked to decide first whether it had been mailed, the court saying that if it had not been mailed, it obviously could not have been received. In determining whether or not it had been mailed, it was competent under Oklahoma law for the jury to consider evidence that it had not been received. The jury's verdict is based upon competent evidence, and the judgment is affirmed.