**LIBERTY MUTUAL INSURANCE COMPANY, Appellant,**

v.

**CATERPILLAR TRACTOR COMPANY and Gibbs-Cook Equipment Company, Appellees.**

No. 83–1254.

Supreme Court of Iowa.

Sept. 4, 1984.

Rehearing Denied Sept. 4, 1984.

Ross H. Sidney and John Werner of Grefe & Sidney, Des Moines, for appellant.

L.W. Rosebrook and Patricia J. Martin of Ahlers, Cooney, Dorweiler, Haynie & Smith, and Larry D. Spaulding of Bradshaw, Fowler, Proctor & Fairgrave, Des Moines, for appellees.

Considered by REYNOLDSON, C.J., and UHLENHOPP, LARSON, SCHULTZ, and WOLLE, JJ.

UHLENHOPP, Justice.

This appeal involves the presumption of mailing which arises from an office practice and the effect on that presumption of proof that the item was not received. *See Public Finance Co. v. Van Blaricome*, 324 N.W.2d 716 (Iowa 1982).

Rule 215.1 of the rules of civil procedure states in pertinent part:

All cases at law or in equity where the petition has been on file more than one year prior to July 15 of any year shall be for trial at any time prior to January 1 of the next succeeding year. The clerk shall prior to August 15 of each year give notice to counsel of record as provided in R.C.P. 82 of

(*a*) the docket number,

(*b*) the names of parties,

(*c*) counsel appearing,

(*d*) date of filing petition,

and the notice shall state that such case will be for trial and subject to dismissal if not tried prior to January 1 of the next succeeding year pursuant to this rule. All such cases shall be assigned and tried or dismissed without prejudice at plaintiff's costs unless satisfactory reasons for want of prosecution or grounds for continuance be shown by application and

ruling thereon after notice and not ex parte....

....

The trial court may, in its discretion, and shall upon a showing that such dismissal was the result of oversight, mistake or other reasonable cause, reinstate the action or actions so dismissed. Application for such reinstatement, setting forth the grounds therefor, shall be filed within six months from the date of dismissal.

Rule 82 states in pertinent part:

[S]ervice upon the attorney or upon a party shall be made by ... mailing it to him at his last known address.... Service by mail is complete upon mailing.

Service of the notice by the clerk under rule 82 is a condition precedent to operation of rule 215.1. *Greene v. Tri-County School District*, 315 N.W.2d 779 (Iowa 1982).

On June 1, 1981, plaintiff Liberty Mutual Insurance Company filed a petition asking damages of defendants Caterpillar Tractor Company and Gibbs-Cook Equipment Company. Liberty Mutual was represented by Grefe & Sidney; Caterpillar was represented by Ahlers, Cooney, Dorweiler, Haynie & Smith; and Gibbs-Cook was represented by Bradshaw, Fowler, Proctor & Fairgrave. Issues were joined and discovery ensued.

The district court clerk's docket sheet for this case bears the following stamp: "215.1 Notice Mailed August 11, 1982". The record before us shows that the Ahlers and Bradshaw firms received copies of a rule 215.1 notice shortly after August 11, 1982.

Discovery in the action continued until November 1982. December 1982 arrived, but Liberty Mutual took no action for a continuance of the action to avoid a dismissal on January 1, 1983, under rule 215.1.

The clerk's docket sheet bears the following additional stamp: "Dismissed by Clerk under rule 215.1 January 3, 1983 Costs taxed to plaintiff". The clerk gave no notice of this entry. No notice is required, as the dismissal is automatic if the required

notice has been given prior to August 15. *Koss v. City of Cedar Rapids,* 300 N.W.2d 153, 157 (Iowa 1981). Following this entry by the clerk, Liberty Mutual took no action within six months seeking reinstatement of the case under the rule.

On July 6, 1983, Liberty Mutual filed a request for production of documents and served copies on the two defense firms. On July 11, 1983, the Ahlers firm wrote the Grefe firm that the action had been dismissed.

On July 12, 1983, Liberty Mutual filed a motion to reinstate the case on the ground that the Grefe firm had never received the notice required to be given by the clerk prior to August 15 under rule 215.1. On July 21, 1983, Caterpillar specially appeared and resisted through the Ahlers firm, on the ground that more than six months had elapsed since the dismissal of the case. In support of its special appearance, Caterpillar alleged that the clerk sent out the rule 215.1 notices but Liberty Mutual did not obtain a continuance or move for reinstatement within the time allowed. Caterpillar alleged inter alia: "Both defendants Caterpillar Tractor Company and Gibbs-Cook Equipment Co. received their respective copies of the 215.1 Notice in a timely fashion." Caterpillar attached to its special appearance a copy of the clerk's docket sheet bearing the two stamped entries we have quoted, and also the copy of the notice under rule 215.1 which the Ahler's firm had received. In part that notice states in printing, except as to the date: "This notice mailed or delivered to all parties entitled to notice under R.C.P. 82 on the 11th day of August 1982." Below its heading the notice is addressed: "To Grefe & S. Bradshaw, F—Ahlers, C." After "Ahlers, C." is a checkmark.

On July 26, 1983, Gibbs-Cook specially appeared and resisted through the Bradshaw firm as follows:

COMES NOW Defendant Gibbs-Cook Equipment Co., and joins Caterpillar Tractor Company in its Resistance to Plaintiff's Motion for Reinstatement in all respects.

Proofs in the special appearance proceedings were made by affidavits. Caterpillar presented two affidavits. They concerned the practice in the clerk's office for preparing notices under rule 215.1 and the practice in the county courthouse regarding outgoing mail. The pertinent part of the affidavit of the Chief Civil Deputy Clerk states

that the standard procedure used in filling out the Notices is to write (or type) the names of all counsel of record on the line at the top of the Notice; that a sufficient number of photocopies is then made so that each party can be mailed a copy; that the envelopes in which the Notices will be sent are addressed; that at the time the copies are inserted into the envelopes, *a checkmark is placed by the names of the attorneys to signify that copies have been sent;* that the envelopes are then placed into mail bins in this office where they are later routinely picked up by employees from the mail room; that the envelopes containing the Notices are sealed, stamped and actually mailed by employees not under my supervision; and that to the best of my knowledge, this procedure was utilized in the mailing of the 215.1 Notices to all attorneys of record in the case of <u>Liberty Mutual Insurance Company v. Caterpillar Tractor Company,</u> Law No. CL 040–23528.

(First emphasis added.) The Chief Civil Deputy Clerk did not attach or produce a clerk's file copy of the notice.

The second affidavit was by the County Purchasing Agent who has charge of the outgoing mail in the county courthouse. The pertinent part of that affidavit states

that the standard procedure used in picking up mail from the various departments is that all envelopes are picked up from the mail bins in the Clerk of Court's office twice a day, taken to the mail room in the Administrative Office Building, sealed, metered and taken to the post office and inserted in mail receptacles by employees under my supervision; and that to the best of my knowledge, this

procedure was utilized in the mailing of all material placed in the mail bin from the Clerk of Court's office on or about August 11, 1982.

Liberty Mutual likewise presented two affidavits. A Grefe firm associate who had been in the case from its inception stated in his affidavit:

> I have reviewed and inspected each and every pleading and item of correspondence contained in my pleadings files, and no 215.1 Notice exists therein. Based upon my independent memory and familiarity with this file, and upon this firm's procedures relating to filing and handling of 215.1 notices, I am absolutely certain that no such notice was ever received from the Clerk of Court.

Ross H. Sidney, a member of the Grefe firm, also appeared in the action from its inception. His secretary maintains a separate file of rule 215.1 notices as to all cases in the office, as well as an index of such notices. She stated in her affidavit:

> Upon receipt of any 215.1 Notice, it is my consistent practice to record the parties, county and case for each notice received. Thereafter, in order to assure that any necessary action is taken, a copy of said notice is given to litigation counsel, so that the attorneys are reminded of the notices well in advance of the automatic dismissal dates set forth in the notices.
>
> I have, on July 11, 1983, carefully examined the Rule 215.1 Notice file described above, and hereby state that such file contains no reference whatsoever to any such notice pertaining to Polk County No. CL 040–23528, *Liberty Mutual Insurance Co. v. Caterpillar Tractor Company and Gibbs-Cook Equipment Co.*, and it is my belief that such a notice has never been received at the Grefe & Sidney law office. Attached hereto is a true copy of the index maintained for all cases in which notice was received relating to dismissals effective January 1, 1983.

The index which she attached contains a list of twenty-three cases having rule 215.1 notices, pending in eight counties including Polk. The list does not contain the instant case.

After hearing, the district court sustained the special appearance. Liberty Mutual appealed.

The decision in the appeal turns on the answers to two questions. Is service of a rule 215.1 notice complete when the notice is mailed by the clerk or when it is received by the addressee? Was a rule 215.1 notice in this case mailed to the Grefe firm?

■ In special appearance proceedings, the district court's fact findings on substantial evidence have the effect of a jury verdict, but the appellate courts may of course make determinations of law. *State ex rel. Miller v. Internal Energy Management Corp.*, 324 N.W.2d 707, 710 (Iowa 1982).

I. As service of the rule 215.1 notice is prerequisite to dismissal of a case under that rule, the vital question before us is whether the clerk "served" the notice. The district court did not make a finding that the Grefe firm *received* the notice, but it did find that the clerk *mailed* the notice to all three firms including the Grefe firm. Is mailing alone sufficient to constitute service?

■ Where a statute or rule merely states that written notice shall be given, ordinarily mailing a notice is not alone sufficient; the notice must be received. *Eves v. Iowa Employment Security Comm'n*, 211 N.W.2d 324, 327 (Iowa 1973). When, however, a statute or rule does not merely state that written notice shall be given but also states that it may be given by mail, service is ordinarily accomplished by depositing the notice in the mail properly addressed and stamped. Illustrative decisions are *Holbrook Bros. v. Mill Owners Mutual Insurance Co.*, 86 Iowa 255, 53 N.W. 229 (1892); *Ross v. Hawkeye Insurance Co.*, 83 Iowa 586, 50 N.W. 47 (1891), *second appeal*, 93 Iowa 222, 61 N.W. 852 (1895); *Phoenix Metals Corp. v. Roth*, 79 Ariz. 106, 284 P.2d 645 (1955), *rev'd on other grounds*, 96 Ariz. 325, 395 P.2d 527

(1964); *Ford v. Genereux,* 104 Colo. 17, 87 P.2d 749 (1939); *Benson v. Benson,* 291 S.W.2d 27 (Ky.1956); *MacLean v. Reynolds,* 175 Minn. 112, 220 N.W. 435 (1928); *Hurley v. Olcott,* 198 N.Y. 132, 91 N.E. 270 (1910); *Stroh v. State Accident Insurance Fund,* 261 Or. 117, 492 P.2d 472 (1972); *Madsen v. Preferred Painting Contractors,* 89 S.D. 397, 233 N.W.2d 575 (1975); *Carroll v. Hutchinson,* 172 Va. 43, 200 S.E. 644 (1939); *Schroedel Corp. v. State Highway Comm'n,* 38 Wis.2d 424, 157 N.W.2d 562 (1968). *Contrast* Iowa Code § 321.505. (1983) (requires return receipt).

■ Rule 215.1 states the notice shall be served in accordance with rule 82, and rule 82 authorizes service by mail. Indeed, rule 82 expressly states that "Service by mail is complete upon mailing." We hold that a clerk accomplishes service under rule 215.1 by mailing the notice, irrespective of nonreceipt by the addressee.

Actually, the rule is not as harsh in this regard as appears at first blush. It does not apply at all unless the case has been on file at least a year; the dismissal does not occur until at least six months after that; and the party may move for reinstatement within still another six months on the basis of the court's discretion or because of oversight, mistake, or other reasonable cause.

■ II. Can the district court's finding be upheld that the clerk *mailed* the notice to the Grefe firm? On this point we conclude that the district court did not correctly apply the law as it relates to presumptions. Basically, proof of mailing in this case rests on proof of the *practice* in the clerk's office of placing the notice in envelopes and of putting the envelopes in the mail bin, and on the *practice* in the courthouse of picking up the envelopes in mail bins, metering them, and placing them in a post office receptacle. Although the entries on the clerk's docket tend to show the practice was carried out, insofar at least as the clerk's office is involved, no witness testified from actual recollection as to the deposit of the envelope to the Grefe firm in the United States mail. The proof of the practices in the clerk's office and

courthouse would, however, normally raise a presumption that the envelope to the Grefe firm did go into the post office. *Public Finance Co. v. Van Blaricome,* 324 N.W.2d 716 (Iowa 1982). The presumption appears to be corroborated by the actual receipt by the Ahlers and Bradshaw firms of their copies of the notice. On the other hand, it is weakened by absence of proof of a clerk's copy of the notice showing that it was mailed to all three firms.

On the other side of the case is the positive sworn statement of the attorney handling the case in the Grefe firm that he had reviewed every pleading and item in the file and found no rule 215.1 notice, and that based on his familiarity with the file he was "absolutely certain" no notice was received. In addition, the secretary who maintained the separate rule 215.1 file swore she searched the file and found no notice for this case. She also appended her rule 215.1 index of cases; the index does not contain this case. The Grefe firm's system of monitoring rule 215.1 notices appears to be about as fool-proof as could be devised.

■ Proof that an addressee did not *receive* a piece of mail is competent evidence that it was not *mailed.* *Jensen v. Traders & General Insurance Co.,* 141 Cal.App.2d 162, 296 P.2d 434 (1956); *Wilson v. Frankfort Marine Accident & Plate Glass Insurance Co.,* 77 N.H. 344, 345–46, 91 A. 913, 914 (1914) ("The presumption arising from the known regularity of the United States mail service is as available for the supposed receiver of a letter as for the alleged sender thereof. If proof that a properly addressed and stamped letter was posted gives rise to a presumption that it was received in due course (1 Wig.Ev. § 95), so proof that no letter was received warrants a finding that it was never posted."). *See Farmers Insurance Exchange v. Taylor,* 193 F.2d 756, 759–60 (10th Cir. 1952) (citing Oklahoma rule "that proof of placing a stamped letter in the mail raised a rebuttable presumption that it was received in due course of the mails, but where, as here, the proof of mailing is

based upon 'customary routine and procedure of the office', evidence that the letter was not received also created a presumption that it was not mailed").

If the record before us contained testimony by a witness with personal recollection of actually mailing the notice to the Grefe firm, the decisions would apply which hold that a question of fact exists as to whether a notice was mailed to that firm; then the trial court's finding that the notice was mailed would be final. *See Roshek Realty Co. v. Roshek Bros. Co.,* 249 Iowa 349, 87 N.W.2d 8 (1957); *Employers' Liability Assurance Corp. v. Maes,* 235 F.2d 918 (10th Cir.1956); *Farmers Insurance Exchange v. Taylor,* 193 F.2d 756; *Miller v. Oklahoma,* 240 F.Supp. 263 (D.Okla.1965); *Jensen v. Traders & General Insurance Co.,* 141 Cal.App.2d 162, 296 P.2d 434 (1956); *Keeling v. Travelers Insurance Co.,* 180 Okla. 99, 67 P.2d 944 (1937).

In this case we do not have a witness testifying from personal recollection of mailing. The affidavits and documents from the Grefe firm are unequivocal and substantial proof that a notice was not received. We stated our decision in *Public Finance* in these terms: "We now hold Kvale's testimony of office custom to be sufficient, *absent proof to the contrary,* to raise a presumption that the notices of default were mailed." 324 N.W.2d at 721 (emphasis added).

What then happens to the presumption of mailing to the Grefe firm in light of the proof to the contrary?

The commentators are in much disagreement as to the effect of contrary evidence on a presumption. Thayer, *A Preliminary Treatise on Evidence,* ch. 8, at 314, 336 (1898) ("bursting bubble" theory—presumption disappears on introduction of contrary evidence); 9 Wigmore, Evidence §§ 2491(2), 2498a(21) (Chadbourn rev. ed. 1981); Morgan and Maguire, *Looking Backward and Forward at Evidence,* 50 Harv.L.Rev. 909 (1937); Gausewitz, *Presumptions in a One-Rule World,* 5 Vand. L.Rev. 324 (1952); Model Code of Evidence, Rule 704(2) (1942); *see also* Iowa R.Evid.

301. We do not enter that thicket at this time, but hold as a legal proposition on the present record that the presumption of mailing the notice to the Grefe firm was dispelled. The clerk's dismissal of the case was thus of no effect, and the case remains viable on the district court docket.

Caterpillar and Gibbs-Cook argue that court clerks, especially in litigation centers, cannot personally recollect mailing each rule 215.1 notice, and that under the present decision the presumption of mailing will be dispelled each time an attorney tells a court he cannot remember receiving the notice. This record does not present such a case. Here we have not only the memory of the attorney in charge of the case in the Grefe firm, but also his search of the file, and, more importantly, the rule 215.1 file which the Grefe firm maintained together with the index of rule 215.1 notices. In the face of this proof the presumption of mailing cannot stand. In effect, Caterpillar and Gibbs-Cook would have the presumption of mailing be conclusive, but the policy favoring dismissals of rule 215.1 cases is not that extreme. By our decision we are not granting default judgments against Caterpillar and Gibbs-Cook; we are only permitting the case to be tried on its merits. Caterpillar and Gibbs-Cook may still prevail in the lawsuit.

REVERSED.