Glenn J. MILLER, Petitioner,

v.

The STATE of Oklahoma, and The District Court of Tulsa County, Respondents.

No. A–13328.

Court of Criminal Appeals of Oklahoma.

Feb. 27, 1963.

Glenn J. Miller, petitioner, pro se.

Charles Nesbitt, Atty. Gen., for respondents.

BUSSEY, Presiding Judge.

On the 28th day of December, 1962, the petitioner, Glenn J. Miller, filed an application for a Writ of Mandamus, seeking an order of this Court directing the Honorable Judge Leslie Webb, District Court, Tulsa County, Oklahoma to enter an order authorizing the court reporter to prepare a case made at public expense in District Court Case #19602.

The record before us reflects that on October 18, 1962, petitioner was tried and convicted of the offense of Robbery with Firearms After Former Conviction of a Felony and sentenced to Fifteen (15) Years in the Oklahoma State Penitentiary in accordance with jury verdict; and that, thereafter, the trial court overruled the petitioner's Motion for a New Trial and pronounced judgment and sentence.

The petitioner, having given notice of his intention to appeal to the Court of Criminal Appeals, the trial court entered an order allowing the making and serving of a case made on or before December 17, 1962. Thereafter, no further extension of time was granted, nor was a request for a case made at public expense made of the trial court by the petitioner herein.

In view of the record, it is abundantly clear that the petitioner's application for a case made at public expense must be denied and this Court is without authority to issue a Writ of Mandamus since it appears that no application was ever filed for a case made a public expense in the trial court prior to the application filed herein. Neal v. State, Okl.Cr., 355 P.2d 1071; 365 U.S. 824, 81 S.Ct. 710, 5 L.Ed.2d 701. Said application is a condition precedent to the issuance of an order by this Court directing the trial court to authorize the preparation of case made or transcript at public expense.

In the instant case, we observe that the petition in this cause was filed for the first time just prior to the expiration of time set by statute within which to perfect an appeal to this Court.

"Title 22, OSA, § 1054 provides that in felony cases an appeal must be taken within six months (amended to three months in 1961) after judgment is rendered. This provision of the statute is mandatory, and must be strictly followed, and this court cannot entertain an appeal not perfected within such time." Citations Omitted.

Under the statute above cited, while an accused has a statutory right to an appeal, it must be perfected within the time provided by law.

In passing we note, that a timely application for a case made or transcript at public expense must be filed in the trial court a sufficient length of time prior to the expiration of the time within which to appeal to this Court, in order to allow the Court reporters enough time to prepare a case made.

We further note that such application should be accompanied by supporting proof of poverty entitling petitioner to case made or transcript at public expense. Neal v. State, Supra.

For the reasons above set forth, we are of the opinion that the Writ prayed for should be, and the same is hereby, denied.

Writ denied.

NIX and JOHNSON, JJ., concur.