Glen J. MILLER, Petitioner

v.

The DISTRICT COURT OF TULSA COUN-
TY and the State of Oklahoma,
Respondents.

No. A–13328.

Court of Criminal Appeals of Oklahoma.

April 3, 1963.

Glen J. Miller, pro se.

Charles Nesbitt, Atty. Gen., Hugh Collum, Asst. Atty. Gen., for respondent.

BUSSEY, Presiding Judge.

Glen J. Miller, petitioner herein, was charged with the Crime of Armed Robbery, After Former Conviction of a Felony, in the District Court of Tulsa County; found guilty of said offense and was sentenced to a term of 15 years in the Oklahoma State Penitentiary at McAlester, Oklahoma.

On December 28, 1962, the petitioner filed a Writ of Mandamus with this Court asking that an order be issued to the District Court of Tulsa County directing a case made of the trial proceedings of petitioner in Tulsa County District Court Case #19602. On February 27, 1963, the Court of Criminal Appeals, 379 P.2d 708, denied the Application for Writ of Mandamus in this cause, stating in Syllabi Three and Four of that opinion:

"3. A timely application for a case made or transcript at public ex-

pense must be filed in the trial court a sufficient length of time prior to the expiration of the time within which to appeal to the Court of Criminal Appeals in order to allow the trial court reporters sufficient time in which to prepare said case made.

"4. An application for case made, forma pauperis, should be accompanied by supporting proof of poverty."

Petitioner herein has attempted to petition this Court for a rehearing and withdrawal of its opinion, rendered on February 27, 1963.

The records of the District Judge of Tulsa County show that petitioner was represented by employed counsel during the trial and that no application, forma pauperis, for the case made was made by the petitioner's attorney.

We observe at the outset that the time within which this Court could order and direct a case made to be prepared at public expense has expired under the provisions of Title 22 O.S.A. § 1054. Under the provisions of this Title, an appeal in felony cases must be taken within six months (amended to three months in 1961) after judgment is rendered. This provision of the statute is mandatory, and must be strictly followed, and the Court of Criminal Appeals cannot entertain an appeal not perfected within such time. (Citations Omitted)

Rule 16 of the Rules of this Court, pertaining to rehearing of a cause, provides:

"Such petitions shall briefly state the grounds upon which counsel relies for a rehearing, and show either that some question decisive of the case and duly submitted by the counsel has been overlooked by the Court, of that the decision is in conflict with an express statute or controlling decision, to which the attention of the Court was not called either in brief or oral argument, or which has been overlooked by the Court, and the question, statute, or decision so overlooked must be distinctly and particularly set forth in the petition."

We observe also that the provisions of Rule 16, supra, relating to rehearing have never been construed to include a petition for rehearing on an application for Writ of Mandamus.

This being true, we are of the opinion that petitioner's application for rehearing should be, and the same is hereby, denied.

NIX and JOHNSON, JJ., concur.