Glenn J. MILLER, Petitioner,

v.

The STATE of Oklahoma, and Ray H. Page,
Warden, Oklahoma State Peniten-
tiary, Respondents.

No. A–13384.

Court of Criminal Appeals of Oklahoma.

March 11, 1964.

Glenn J. Miller, pro se.

Charles Nesbitt, Atty. Gen., Hugh Collum, Asst. Atty. Gen., for respondents.

BUSSEY, Judge.

This is an original proceeding in Habeas Corpus instituted by Glenn J. Miller, who is currently confined in the State Penitentiary at McAlester, Oklahoma, under authority of and by virtue of a Judgment and Sentence rendered against him in the District Court of Tulsa County, Oklahoma, in Case #19602, where petitioner was charged by information with the offense of Robbery With Firearms after Former Conviction of a Felony, tried by a Jury who found him guilty and fixed his punishment at Fifteen (15) Years in the State Penitentiary at McAlester, Oklahoma.

As grounds for his release, petitioner asserts that he is being unlawfully detained in violation of his constitutional rights for the following reasons: (1) He was denied his constitutional right to appeal when the trial court and this Court refused to provide a casemade at public expense; (2) He was denied his constitutional right when he was not appointed court appointed counsel to represent him in the preparation and perfection of an appeal, and (3) He was denied his right to a fair and impartial trial by errors of law occurring in his trial in District Court Case #19602.

Petitioners first contention is predicated upon an application for Mandamus directing the trial court to provide casemade at public expense, filed in this court as No. A–13,328, 379 P.2d 708. Since this application was apparently prepared by the petitioner without assistance of counsel, the Honorable Kirksey Nix, then Presiding Judge, called this matter to the attention of W. Lee Johnson, Presiding Judge of the District Judges in and for Tulsa County, who after examining the records of the trial court of Tulsa County, and in a letter dated December 28, 1962, advised this Court as follows:

"Honorable Kirksey Nix
Presiding Judge,
Court of Criminal Appeals
State of Oklahoma
Oklahoma 5, Oklahoma
 Re: Glenn J. Miller, #19602

Dear Judge Nix:

Replying to your letter of December 27, 1962, regarding above mentioned subject.

I have before me the file in that case, and it reflects the following: Judgment and Sentence entered on October 18, 1962, sentenced the defendant to 15 years for Robbery With Firearms After Former Conviction of a Felony on jury verdict. Motion for new trial was filed on the same date and was overruled and defendant was granted an extention of time for the purpose of making and serving a casemade. On December 17, defendant, through his counsel, obtained an order granting 30 additional days to make and serve a casemade, this 30 days beyond the initial time allowed.

This case was tried before Judge Leslie Webb, Supernumerary Judge. I contacted Judge Webb by telephone today, and he advised me that no request has been presented to him for a casemade at public expense. The defendant was represented at his jury trial by Amos Nichols, a member of the Tulsa Bar, who represented to me at the time I assigned the case to Judge Webb for trial that Miller was a long-time personal friend of his. Mr. Earl Truesdell, an attorney of the Tulsa Bar, appeared with and for the defendant at the time of sentencing, filed a motion for new trial, and obtained the initial order for time to make and serve a casemade, and also obtained the or-

der extending time on December 17, 1962.

I called Earl Truesdell and he brought his file to my chambers this afternoon, and his file contains a copy of a letter dated December 17, 1962, addressed to the defendant at Mc-Alester, a copy to his mother here in Tulsa, and a copy to his lady friend who appeared as an alibi witness for him at the trial, in which he advised the defendant that the additional time had been secured, and told him of the urgency of their making arrangements with the reporter for a casemade.

Mr. Truesdell advises me that he has never been requested to seek a casemade at public expense, and further advised me that the defendant kept telling him that he would have money available to pay a professional bondsman to make his supersedeas bond.

Mr. Truesdell also tells me that the Court Reporter who took the case gave him a $300.00 estimate upon the cost of a casemade.

* * * * * *

Sincerely yours,

s/ W. Lee Johnson
District Judge."

We have before us photostatic and certified copies of the Court record and they corroborate the recital in Judge Johnson's letter relating to all proceedings in District Court Case #19602. Accompanying petitioner's application for casemade in A–13, 328 was a request for additional time within which to perfect an appeal. This Court transmitted to petitioner a letter under date of January 14, 1963, which provided as follows:

"Mr. Glenn J. Miller #67660
P. O. Box 97
McAlester, Oklahoma

Re: A–13,328

Dear Mr. Miller:

Under the statute relating to the time in which an appeal may be per-fected to this court, an appeal, either by casemade or transcript must be perfected within three months after judgment and sentence is rendered.

This Court is without authority of law to grant an extension beyond the time fixed by the legislature; nor will the Court direct the furnishing of a casemade at public expense after that time has expired.

Very truly yours,

s/ Hez J. Bussey
Presiding Judge"

cc: Clerk of the Supreme Court.

 On January 8, 1963, the Attorney General filed a response specifically denying that petitioner had ever sought a casemade at public expense from the District Court of Tulsa County. On the 27th day of February, 1963, this Court entered an opinion denying petitioner's request for an order directing the trial court to provide a casemade at public expense and in that opinion the following pertinent language was used:

"Where proper application is not made in the trial court by convicted person seeking casemade at expense of the county, trial court has no duty or authority to order such record at county's expense, and said application is a condition precedent to the issuance of mandamus by the Court of Criminal Appeals."

"A timely application for a casemade or transcript at public expense must be filed in the trial court a sufficient length of time prior to the expiration of the time within which to appeal to the Court of Criminal Appeals in order to allow the trial court reporters sufficient time in which to prepare said casemade." Miller v. State, Okl.Cr., 379 P.2d 708.

 Upon the record before us and it affirmatively appearing that the petitioner did not, by proper application in the District Court of Tulsa County, with support-

ing proof of poverty, seek a casemade at public expense, in the time within which an appeal from a Felony conviction could be perfected and lodged in this Court, under the provisions of Title 22 O.S.A. § 1054 (Amended in 1961), we are of the opinion that petitioners first contention is without merit.

 Petitioner's second contention that his imprisonment is unlawful and in violation of his constitutional rights by reason of failure of the State to appoint counsel to represent him in perfecting an appeal, is likewise without merit. Petitioner was represented on trial by Mr. Amos Nichols, Tulsa, Oklahoma, attorney of his choice. Appearing with him on the date of Judgment and Sentence and thereafter acting on his behalf was Mr. Earl Truesdell, of Tulsa, Oklahoma, also an attorney of his choice. It does not appear from the record that either of the two counsel ever withdrew from the case during the time in which an appeal could have been perfected. Moreover, it does not appear that a request was ever made for court appointed counsel to represent petitioner in perfecting his appeal. There is attached to petitioner's application for Habeas Corpus, a letter from the Public Defender of Tulsa County advising the petitioner that said Public Defender had no duty to represent him on appeal. This letter was transmitted to the defendant under the date of January 18, 1962, several months prior to the time petitioner was tried in the instant case. Assuming that the date on the letter above referred to was a typographical error and should have read January 18, 1963, it does not follow that the petitioner was entitled to court appointed counsel to assist him in the preparation of his appeal, since such a request was never filed in the District Court and since petitioner was represented during the time within which an appeal could have been perfected, by competent counsel of his choice.

The defendant's last contention that his imprisonment is unlawful and in violation of his constitutional right by reason of errors occurring during his trial, is an attempt to substitute Writ of Habeas Corpus for an appeal; we have repeatedly held that:

"[W]rit of habeas corpus may not be resorted to as a substitute for an appeal * * * for the inquiry in habeas corpus matters is limited to matters which are jurisdictional in nature and may not be used to correct errors of law occurring at the trial." Application of Davis, Okl.Cr., 348 P.2d 545; In re Anderson, Okl.Cr., 344 P.2d 674; Application Salisbury, Okl.Cr., 363 P.2d 380; Perry v. Waters, Okl.Cr., 256 P.2d 1119.

For all the reasons above set forth the Writ prayed for is denied.

Writ denied.

JOHNSON, P. J., and NIX, J., concur.