**Frank CHASE, Appellant,**

v.

**Ray PAGE, Warden of Oklahoma State Penitentiary, Appellee.**

No. 7891.

United States Court of Appeals Tenth Circuit.

March 18, 1965.

William D. Kaufman, Denver, Colo. (Tom R. Mason, Muskogee, Okl., with him on brief), for appellant.

Jack A. Swidensky, Oklahoma City, Okl. (Charles Nesbitt, Oklahoma City, Okl., with him on brief), for appellee.

Before MURRAH, Chief Judge, HILL, Circuit Judge, and DAUGHERTY, District Judge.

MURRAH, Chief Judge.

Petitioner-Chase appeals from an order of the District Court dismissing a writ of habeas corpus by which he sought release from state custody. The burden of his complaint is that he was denied his equal right of appeal from a judgment of conviction due to failure of the sentencing court to afford effective assistance of counsel for the exercise of that right.

Apparently the state prisoner wrote to the federal trial judge complaining of his state confinement. Leave was granted to proceed in forma pauperis, counsel was appointed, and a formal application for the writ was prepared and filed. The response conceded petitioner's right of appeal in the state court, but alleged that the right had not been exercised in the manner prescribed by state procedures, the right of appeal was consequently lost and the writ should be discharged. An evidentiary hearing on the issues thus joined developed these facts.

The petitioner was convicted by a jury in the District Court of Tulsa County, Oklahoma, for conjoint armed robbery after conviction of a former felony and sentenced to 13 years in the state penitentiary. At all times during the trial and sentencing, he was represented by retained counsel who first orally moved for new trial and then filed a written motion, both of which were denied. Notice of appeal was then given and bond was set. The record does not disclose counsel's formal withdrawal from the case or leave to do so, but petitioner testified that he was retained and paid only to try the case and was not expected to prosecute the appeal.

Petitioner was sentenced on February 15 and taken to the state penitentiary on March 6. As soon as he "got off the receiving cell" about the 20th day of March, he "went out to the yard and found a guy that knew how to make up a pauper's oath and he said he would make me up one, and he gave it to me, two or three days later, and I filed it with Judge Webb". The "Oath of Forma Pauperis and Verification" was addressed to Judge Leslie Webb, Tulsa County, Tulsa, Oklahoma. It recited his conviction and sentence on the 15th day of February, and then stated, "I wish to ask this Honorable Court to grant me the case-made and transcript of said trial and conviction, Case No. 19292, so that I may bring action through 'Petition in Error' to test the legality of my conviction and sentence. I do not have funds with which to pay an attorney or which to pay for the case-made of Case No. 19292. I pray this Honorable Court will grant said case-made under the forma pauperis clause.[1] I ask this Honorable Court for an extension of time to prepare said appeal. Respectfully submitted, Frank Chase." The paper was witnessed by three persons but not subscribed under oath. The Attorney General, however, makes no issue of the lack of notarization or that it was "filed and mailed to the Judge". The petitioner received no response to this paper, but he was granted an extension of time in which to file his casemade. He testified that he wrote to the sentencing judge twice and also to the Court Clerk with no response. He then asked his wife to write to the Judge, and the Judge did acknowledge "your letters in regard to your husband Frank Chase. I have not written to Frank nor will I do so, as there is nothing I can do for him. The purported Affadavit for a record is under the law not an affadavit and is wholly insufficient to warrant the Court in considering his application for a record.

* * * I am enclosing a copy of this letter which you may send to Frank." This letter was written two days before the extended appeal time expired.

Meanwhile, and during the time granted for appeal, the petitioner prepared, apparently pro se, and mailed to the Oklahoma Court of Criminal Appeals a letter and petition for writ of mandamus to require the sentencing judge to provide a pauper's transcript of the state trial proceedings and to appoint an attorney to assist in the perfection of appeal. Neither the letter nor the application for the writ is reflected in the record, but it does contain an answer from the Marshall of the state appellate court informing the petitioner that "We have no jurisdiction in your case to prepare your appeal" and suggesting "you contact the Judge in your trial as to your problem."

[1] 20 O.S.A. § 111 provides in pertinent part that "if * * * the defendant shall present to the Judge his affidavit that he intends in good faith to take an appeal in the case and that such transcript is · necessary to enable him to prosecute the appeal, and that the defendant has not the means to pay for the same, the court may, at its discretion, order the transcript made at the expense of the county." The Court of Criminal Appeals has construed this statute to mean that an application to have casemade prepared at the county's expense must allege that applicant is without funds to perfect his appeal or provide security therefor, that he has no property or relatives willing to assist him, and that the attorney who represented him is unable to make up the transcript from memory. See Jones v. Simms, Okl. Cr., 389 P.2d 375.

After the time for taking the appeal had expired, the mandamus was first denied on the grounds that no motion for new trial was ever filed and the time for filing same had long since expired. See Chase v. State, Okl.Cr., 373 P.2d 359. The petitioner thereafter filed in the state court of appeals a petition for writ of habeas corpus, attaching a copy of his timely motion for new trial in the sentencing court. The appellate court then acknowledged that a timely motion for new trial had in fact been filed, but denied relief on the grounds that the appeal had not been perfected in the manner provided by law and the orders of the Court. The Court regretted the "default" but attributed it to petitioner's "poor use of the time afforded him for perfecting appeal and obtaining casemade, February 15, 1962, to May 16" and stated "by ignoring his counsel in the case that he himself defaulted in his own right." See Chase v. State, Okl.Cr., 378 P.2d 779.

On the same date the Court filed an opinion in the habeas corpus case in which it expressed the view that while due process was available to the petitioner, he had not proceeded in a manner to avail himself of it and habeas corpus was, therefore, not available as a substitute for his failure to perfect an appeal. See Chase v. State, Okl.Cr., 378 P.2d 782.

The record shows that in each of these cases the petitioner proceeded pro se and testified in this proceedings that he had never received notice of the hearing or any service of the response by the County Attorney or the Attorney General, nor was he notified of the action of the appellate court.

Petitioner applied pro se for certiorari, and it was denied. See Chase v. State, 375 U.S. 843, 84 S.Ct. 93, 11 L.Ed.2d 70. Pursuant to the hearing, the federal trial court denied the writ on the grounds that "The evidence presented before this court is insufficient to warrant the relief prayed for."

■ We know that the State of Oklahoma may, consistently with Fourteenth Amendment due process, fail to provide for appeal in criminal cases, or it may provide for an appeal upon such terms as it deems appropriate. See Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, rehearing denied 351 U.S. 958, 76 S.Ct. 844, 100 L.Ed. 1480; Mooneyham v. State of Kansas, 10 Cir., 339 F.2d 209. But, once an appeal as of right is recognized, it must be afforded to the rich and the poor alike. To that end an indigent person is constitutionally entitled to the assistance of counsel to insure the equal exercise of the right. Specifically, the convicted person is entitled to advice of counsel on the issue of his financial ability to provide an adequate record to enable the appellate court to determine the merits of his appeal as if he were a non-indigent person. See Douglas v. People of the State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, rehearing denied 373 U.S. 905, 83 S.Ct. 1288, 10 L.Ed.2d 200; Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892; Draper v. State of Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899.

■ The right has been equated to that of a federally convicted indigent defendant who "must be afforded counsel on appeal whenever he challenges a certification that the appeal is not taken in good faith." Douglas v. People of the State of California, supra, 372 U.S. at 357, 83 S.Ct. at 816 citing Johnson v. United States, 352 U.S. 565, 177 S.Ct. 567, 1 L.Ed.2d 551. And "[t]he federal courts must honor his request for counsel regardless of what they think the merits of the case may be". Id., citing Ellis v. United States, 356 U.S. 674, 675, 78 S.Ct. 974, 2 L.Ed.2d 1060; see also Coppedge v. United States, 369 U.S. 438, 449, 82 S.Ct. 917, 8 L.Ed.2d 21. This does not mean, of course, that frivolous appeals may not be dismissed in the judgment of the Court. It does mean that the rich and the poor alike are to be heard on the issue. This court has recently held that the time for filing an appeal under Rule 37(a)(2) of the Federal Rules of Criminal Procedure does not commence to run until a federally convicted defendant has

been advised of his right to appeal and effective assistance of counsel afforded. And, a convicted, confined person who has not been afforded the assistance of counsel concerning his right of appeal and the exercise thereof may collaterally attack his judgment of sentence. See Hannigan v. United States, 10 Cir., 341 F.2d 587, citing Fennell v. United States, 10 Cir., 339 F.2d 920.

As we read Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770; and Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, they tell us that the writ of habeas corpus lies to test any restraint contrary to fundamental law of the land. Federal jurisdiction is conferred by a solid allegation of an unconstitutional restraint by the state under color of its law, and jurisdiction is not defeated by anything that may occur in the state proceedings, i. e. see Fay v. Noia, supra, at 426, 83 S.Ct. 822. The federal habeas corpus court should proceed cautiously and with due deference to the state processes, but it should not leave any asserted fundamental right unvindicated. As one distinguished state Supreme Court Justice has aptly said, "Considerations of federalism of course remain important. But in the world today they must be measured against the competing demands arising out of the relation of the United States to the rest of the world. The quality of a nation's civilization can be largely measured by the methods it uses in the enforcement of its criminal law." See Mr. Justice Schaefer on Federalism and State Criminal Procedure, 70 Harv.L.R. 1, p. 26, cited in Coppedge v. United States, supra, 369 U.S. p. 449, 82 S.Ct. 917.

The sentencing court denied the casemade under the "forma pauperis clause" (see footnote 1) on the grounds that the pro se application therefor was "wholly insufficient". The appellate court denied the application for writ of mandamus to compel the trial court to provide the casemade on the grounds that the matter had gone by default due to the failure of petitioner to make proper use of his time. Whatever the grounds we will take the word of the state court that the oath was legally insufficient to invoke the sentencing court's powers granted by 20 O.S. § 111 to "order the transcript made at the expense of the county", and for whatever cause or reason the petitioner did not perfect his appeal as provided by state law. But, whether petitioner was accorded equal protection and due process of the law in his attempt to perfect his appeal in accordance with the state law is a federal constitutional question as to which the federal habeas corpus court must exercise its independent judgment, unimpeded by state procedural "default". See Fay v. Noia, supra.

In Oyler v. Taylor, 10 Cir., 338 F.2d 260, the federal court entertained the application for writ of habeas corpus based on allegations of a denial of equal right of an appeal for lack of assistance of counsel. We sustained the trial court's denial of the writ based upon the fact of record that petitioner had been fully advised of his right to appeal in forma pauperis and furnished with a copy of the state rules which provided that a convicted indigent person "shall have the right of appeal with assistance of counsel upon compliance with its rules." In these circumstances we held that the petitioner lost his right of appeal the same as any other convicted person "regardless of financial ability". Again, in Mooneyham v. State of Kansas, supra, the federal habeas corpus court entertained the application but denied the writ on the grounds that petitioner was accorded the same rights as anyone else similarly situated.

But, here it cannot be denied that the petitioner did all he could to perfect his appeal in accordance with state law. His oath of poverty was insufficient because it was inartistically written by a "guy" in the (prison) "yard". No one seems to doubt that with the assistance of counsel petitioner would have been able to perfect his appeal in accordance with state law. And, if he was financially unable to retain counsel and pay for the costs of an adequate record, he was certainly entitled to the appointment of

counsel and to an adequate record by order of either the state trial or appellate court. We hold that the failure of the state courts to hear and determine that critical issue in accordance with constitutional standards of equal protection and due process of law deprived the petitioner of his fundamental rights, and his cause is cognizable in the federal courts.

This case is accordingly remanded to the federal trial court with directions to determine the financial ability of the petitioner to retain counsel and provide an adequate record for his appeal during the appeal time. If the Court finds upon appropriate inquiry that petitioner was financially able to retain counsel and provide an adequate record, the writ shall be discharged. If, however, the Court finds that petitioner was financially unable to perfect his appeal, an order to that effect shall be entered and the case held in abeyance to permit the state court to afford petitioner his full right of appeal based on an adequate record with the assistance of counsel. If the appeal is allowed and the conviction is affirmed on its merits, this proceedings will be dismissed. If no appeal is afforded within a reasonable time, the writ shall issue discharging the petitioner.