**Glenn J. MILLER, Petitioner,**

v.

**The STATE OF OKLAHOMA,**
**Respondent.**

**No. 5749.**

United States District Court
E. D. Oklahoma.

April 12, 1965.

Clyde Stipe, Stipe, Gossett & Stipe, McAlester, Okl., for Glenn J. Miller.

Charles L. Owens, Asst. Atty. Gen., Oklahoma City, Okl., for the State of Oklahoma.

DAUGHERTY, District Judge.

This case is a petition for writ of habeas corpus filed by a state prisoner. Petitioner has exhausted his available state remedies without relief. See Miller v. State (Okl.Cr.), 379 P.2d 708, and Miller v. State (Okl.Cr.) 390 P.2d 253.

Petitioner was convicted on October 4, 1962, in the District Court of Tulsa County, Oklahoma, of the crime of robbery with firearms after former convic-

tion of a felony and sentenced to fifteen (15) years imprisonment in the state penitentiary. He was represented by an attorney of his choice at his arraignment, at the jury trial, and at the time of being sentenced. Timely notice of appeal was given and an extension of time within which to serve case-made of sixty (60) days was granted, and an additional extension of thirty (30) days was subsequently granted, said ninety (90) day period dating from the date of sentence on October 18, 1962. The petitioner did not at any time waive or give up his right of appeal, but it appears has sought an appellate review of his conviction and sentence at all times. Petitioner complains herein that he was wrongfully denied his right of appeal; that reversible errors were committed during his jury trial and that he had incompetent counsel and counsel not of his choice at his jury trial.

This Court appointed counsel for the petitioner and held an evidentiary hearing on the petition for writ of habeas corpus. The petitioner testified in person and produced several witnesses and seven exhibits. The respondent offered no witnesses or exhibits.

From the evidence presented at the hearing before this Court it appears that on December 17, 1962, the petitioner sent by certified mail a letter to the Presiding Judge of the Tulsa County District Court at Tulsa, Oklahoma, in which the petitioner claimed that he was an indigent and unable to pay for a case-made or to pay an attorney to test the legality of his conviction and sentence. In said letter the petitioner requested the Court for permission to proceed in forma pauperis, that he be furnished the records and case-made at the expense of Tulsa County, and by his statement that he was unable to pay an attorney, in effect requested the Court to appoint an attorney for the purpose of perfecting an appeal of his conviction and sentence. See plaintiff's Exhibit 2.[1]

The petitioner produced a Receipt for Certified Mail which indicates that on December 17, 1962, a communication was sent by him by such means to the Presiding Judge, Tulsa District Court, Tulsa, Oklahoma. See plaintiff's Exhibit 5. Petitioner also produced as a witness the Postmaster of the Oklahoma State Penitentiary who testified regarding the said Receipt for Certified Mail

---

[1].

In The District Court of Tulsa County, Tulsa, Oklahoma
"Motion to proceed in Forma Pauperis"
and
"Oath of Forma Pauperis."

Comes now, Glenn J. Miller, and moves this Honorable Court to Grant me Leave to Proceed in Forma Pauperis. I was tried and convicted in this Honorable Court on October 18, 1962, for the Crime of 'Armed Robbery After Former Conviction of a Felony', for which crime I received the sentence of (15) Fifteen years; Tulsa District Court Case No. 19602.

I, Glenn J. Miller, state to this Honorable Court; That due to my poverty I am unable to pay for the records of case-made, in Tulsa District Court case No. 19602, and I am unable to pay an Attorney to test the legality of my conviction and sentence. Therefore I feel that I come within the statutory requirements of 28 U.S.C., Sec. 1915.

Wherefore the Foregoing Considered, I pray this Honorable Court will grant this motion to proceed in forma pauperis and allow me to obtain the records and case-made At the expense of Tulsa County, in case No. 19602, so that I may test the legality of said conviction and sentence. I also move this Honorable Court for an extension of time so that I may perfect an appeal in said case. And it is so prayed.

Respectfully submitted
Glenn J. Miller

Witness: John R. Anderson  #61787
Witness: Joe A. Johnson     #61563."

and that according to the records of his office a letter was sent by certified mail by petitioner on December 17, 1962, to the Presiding Judge of the Tulsa District Court at Tulsa, Oklahoma. The petitioner presented in the form of plaintiff's Exhibit 2 what he said was an original copy of the above mentioned letter to the Tulsa District Court. It is noted that this letter drawn by petitioner while in the State Penitentiary, does not conform to state requirements for the form of a pauperis affidavit. See 20 O.S.A. § 111.

Petitioner also offered in evidence a letter directed to him under date of January 18, 1962 (should be 1963), from the Public Defender in and for Tulsa County, Oklahoma. See plaintiff's Exhibit 4. In this letter the Public Defender advised the petitioner as follows:

"Dear Mr. Miller.

The undersigned is Public Defender in and for Tulsa County, Oklahoma. Your letters were given to me for answer. The Judges of the District Court have told me to advise you that my office has no obligation to provide you with an appeal or aid you in the same.

In order to give you the benefit of the doubt, I did make diligent inquiry.

Sorry I can't be of help."

It thus appears from the evidence that on or about December 17, 1962, the petitioner made an appeal to the Tulsa District Court requesting that he be found to be an indigent person, and that on such basis he be provided with a free case-made of his trial proceedings and be furnished with an attorney for the purpose of appealing his conviction and sentence. It is noted that this request to the District Court of Tulsa County, Oklahoma, went forward and was received at about the time the last thirty day extension of time within which to serve case-made was granted. Thus, this request was timely made approximately thirty days before the end of the ninety day period following his sentence. The letter from the Public Defender was dated January 18, 1962, but this is obviously a typographical error and should have been dated January 18, 1963, which date was immediately after the expiration of the ninety day period following the date of sentence. Under Oklahoma law, a criminal appeal must be prefected in ninety days following sentence.

The United States Court of Appeals for the Tenth Circuit recently had the point involved in this case regarding the right to an appeal before it in the case of Chase v. Page, 343 F.2d 167, U.S. Court of Appeals, Tenth Circuit, January Term, 1965. In this case a similar timely request for an appeal was made to the trial judge in Tulsa County, Oklahoma, and the same not being in strict conformity with the statutes of the State of Oklahoma with reference to an affidavit of poverty was disregarded by the trial judge and not answered or acted upon. The effect of the opinion of the United States Court of Appeals for the Tenth Circuit in the Chase case is to condemn this practice and place on a trial judge receiving such a timely request the responsibility to immediately appoint counsel to represent said defendant with instructions to make a proper showing of indigency on which to obtain a case-made at state expense and court appointed counsel in connection with an appeal of the conviction and sentence. In Chase the Court remanded the case to the federal trial court with instructions to determine whether or not the petitioner was in fact an indigent during the period allowed him for an appeal, and if so to afford the State of Oklahoma an opportunity to now grant the appeal of which he was wrongfully deprived and to do so within a reasonable time or else it will become necessary to order his release from custody on his petition for writ of habeas corpus on the grounds that he is illegally detained by the State of Oklahoma due to having been deprived of his constitutional right of appeal in violation of the equal protection of the laws and due process of law.

■■ It is fundamental that where an appeal is allowed by law, one convicted of an offense is entitled to such an appeal as a matter of right. This does not mean, of course, that frivolous appeals may not be dismissed in the judgment of the Court. 22 O.S.A. § 1051; Love v. State, 385 P.2d 512 (Okl.Cr. 1963); Farley v. United States, 354 U.S. 521, 77 S.Ct. 1371, 1 L.Ed.2d 1529; Ellis v. United States, 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060; Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21; Carroll v. United States, 354 U.S. 394, 77 S.Ct. 1332, 1 L.Ed.2d 1442. It is now clear that an indigent is entitled to the assistance of counsel on appeal. Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811.

In the case under consideration, the petitioner did not get the appeal he at all times desired. The State of Oklahoma does not resist the writ requested herein by pleading or proof that the appeal by petitioner is frivolous. We are thus confronted here with a case similar to Chase, and which under the evidence before us shows that within the statutory time for an appeal allowed by the State of Oklahoma the petitioner made request of the District Court to be declared an indigent, to have a free case-made, and for the appointment of an attorney to conduct an appeal of his conviction and sentence. These requests were timely made, even though not completely in proper form. They were disregarded by the trial court and after the time for appeal had expired and under directions of the Judges of the District Court the Public Defender informed the petitioner as above set forth.

■ It should be noted that the petitioner requested the Oklahoma Court of Criminal Appeals for a writ of mandamus to require the Tulsa District Court to provide him with a free case-made. Miller v. State, Okl.Cr., 379 P.2d 708. That case was decided adversely to the petitioner, on the grounds that the petitioner had not made a request of the court for a case-made. This finding involving as it does a federal question, is not binding on this Court. Chase v. Page, supra, and Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837. And such finding is inconsistent with the evidence presented to this Court which has not been controverted in this Court. The second attempt of petitioner to obtain state relief in the form of a petition for writ of habeas corpus filed with the Oklahoma Court of Criminal Appeals was likewise adjudicated adversely to the petitioner again on the grounds that he had not made a request for a case-made to his trial court and further that petitioner had not made a request of the trial court for the appointment of counsel to represent defendant in perfecting an appeal of his conviction and sentence. Miller v. State, Okl.Cr., 390 P.2d 253. Here again, this adjudication is not binding on this Court. Chase v. Page, supra, and Fay v. Noia, supra, and the findings of the state court are not supported by the evidence presented to this Court, which, as above indicated, is to the effect that the petitioner did in fact make a timely request of the trial court for both a free case-made and the appointment of counsel, both based on an assertion of indigency.

■■ It thus appears that by improper inaction on the part of the state trial court, after notice of a claim of indigency and desire for an appeal with record and counsel the petitioner here was deprived of his constitutional right of appeal and his rights of equal protection and due process, in that said Court did not upon receiving said claim of indigency and a request for a free case-made and the appointment of counsel, see to and protect the constitutional rights of the petitioner to an appeal and to equal protection and due process. In this connection, it is the law of Oklahoma that upon proof that a letter properly addressed and with required postage is duly placed in the mails of the United States, there follows a presumption of fact that same was received by the addressee. This is a rebuttable presumption. If the addressee introduces proof that the letter was not received a pre-

sumption of fact arises that the letter was not mailed. An issue of fact is then presented for determination. See Keeling v. Travelers Insurance Company, 180 Okl. 99, 67 P.2d 944 (1937). The proof before this Court is that the letter was regularly mailed and there is no proof before this Court that the Presiding Judge of the Tulsa District Court at Tulsa, Oklahoma, did not receive such communication. In fact, there is proof in the record before this Court that such letter was in fact received, and this is borne out by the letter of the Public Defender dated January 18, 1962 ('63), in which the Public Defender states that the letters from the petitioner were given to him for an answer and then proceeds to advise the petitioner that his office according to instructions from the Judges of the District Court has no obligation to provide him an appeal or grant him any aid in reference to the same.

■ This case is not one in which an appeal was not taken due to neglect, inadvertence or deception of counsel, but rather is a case where an appeal was not afforded due to improper inaction on the part of the trial court. Therefore, the case of Dodd v. United States, 9 Cir., 321 F.2d 240, requiring a showing of plain reversible error by the petitioner, nor the case of Desmond v. United States, 1 Cir., 333 F.2d 378, requiring that the prosecution show that an appeal would be futile, apply here.

■ Thus, upon the record before this Court, it is necessary that relief be granted. Accordingly, this proceeding will be abated to allow the State of Oklahoma an opportunity to first ascertain whether or not the petitioner was an indigent on December 17, 1962, when he claimed to be such and requested a free record and the appointment of counsel, and if the petitioner is found to be an indigent person as claimed on said date to then afford the petitioner an appellate review of his conviction and sentence out of time with the trial record and a competent attorney provided him as an indigent person. If the State of Oklahoma indicates a refusal to afford

the petitioner such a hearing on his indigency or to afford the petitioner an appellate review if he is found to be an indigent person or fails to afford either with reasonable dispatch, this proceeding may be revived upon application and order of this Court. The claim of petitioner that certain errors occurred during his jury trial are matters for treatment by appeal and not by habeas corpus. His claims of ineffective counsel and not having counsel of his choice at his jury trial are not supported by the evidence before this Court and petitioner is afforded no relief on these claims by this Court. Scott v. United States, 6 Cir., 334 F.2d 72; Johnson v. United States, 10 Cir., 333 F.2d 371. It is intended that this order is appealable to the Court of Appeals.