STATE of Iowa, Plaintiff–Appellee,

v.

Sean Drew WILLIAMS,
Defendant–Appellant.

No. 88–321.

Court of Appeals of Iowa.

June 15, 1989.

William L. Wegman, State Public Defender, and Barbara M. Anderson, Asst. Public Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen., Sheryl A. Soich, Asst. Atty. Gen. and Diann Wilder-Tomlinson, County Atty., for plaintiff-appellee.

Heard by DONIELSON, P.J., and SACKETT and HABHAB, JJ.

DONIELSON, Presiding Judge.

Defendant was convicted of failure to appear for a sentencing hearing in violation of Iowa Code section 811.2(8) (1987). Defendant appeals contending the district court erred in admitting testimony of prior bad acts. Defendant also contends there was insufficient evidence he received notice of his sentencing hearing.

Defendant pled guilty to second-degree burglary and third-degree theft in May 1987. Following a hearing and denial of defendant's motion in arrest of judgment on July 23, 1987, defendant orally requested sentencing be delayed. The trial court granted defendant's request, but did not set a date for sentencing. Within a week, the trial court entered an order setting defendant's sentencing hearing for August 31, 1987, a copy of which was sent to defendant's attorney. Defendant failed to appear at his sentencing hearing, and a warrant was issued for his arrest. He was apprehended September 16, 1987, in Lincoln, Nebraska.

I. *Prior Bad Acts.* The trial court allowed defendant's pretrial release supervisor to testify about defendant's failure to make required contacts with her. Defendant was required to report to her three times weekly, one contact in person and two by telephone, while on pretrial release. His supervisor testified that from the first of June until August 6, 1987, when she filed an application to terminate his pretrial release, defendant missed at least half of his scheduled contacts. Defendant asserts

this was inadmissible evidence of prior bad acts.

Admission of evidence lies within the sound discretion of the trial court. We will reverse the trial court's ruling on admissibility only when we find a clear abuse of discretion. *State v. Roth*, 403 N.W.2d at 765. Iowa Rule of Evidence 404(b) provides:

Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Under rule 404(b), evidence of prior acts may be admissible (1) if the evidence is relevant to a legitimate issue involved in the case and (2) there is clear proof the individual against whom the evidence is offered committed the prior act. *State v. Roth*, 403 N.W.2d 762, 765 (Iowa 1987). Defendant does not deny he committed the prior acts of failing to make required contacts.

Intent is an element of failure to appear in violation of Iowa Code section 811.2(8) (1987) and therefore a legitimate issue involved in this case. In order to be relevant to an issue, the prior act must be reasonably similar to the crime charged. *State v. Coen*, 382 N.W.2d 703, 705 (Iowa App.1985). Defendant asserts that his failure to make the required contacts is not similar to his failure to appear.

Reasonable similarity can be established when there is such a:

connection between the offense charged and the other offenses that the latter can reasonably be said to establish the first, or some essential fact in issue. In other words, the offenses must be wrongful acts, crimes, offenses, or attempted offenses of a like nature to the charge against the accused.

*State v. Coen*, 382 N.W.2d at 705. The party asserting the exception to rule 404(b) has the burden to show the relevancy link between the prior act and the offense

charged. *See State v. Roth,* 403 N.W.2d at 706.

We find the State sustained its burden in showing failure to make the required contacts is of like nature to failure to appear. The consequence of failing to make the required contacts during pretrial release is the possibility of losing pretrial release status and being returned to the county jail until sentencing. Iowa Code § 811.7(1) (1987). The consequence of failure to appear is the probability of being charged with a class D felony. Iowa Code § 811.2(8) (1987). Defendant admits that both acts could result in incarceration. Additionally, both acts involve violation of a court order to appear at a scheduled appointment. Because defendant's prior acts were similar to the offense charged, the trial court could properly admit evidence of his failure to make required contacts as relevant to his intent in failing to appear.

Defendant contends even if the prior acts are similar to the crime charged, they have no independent significance to establish the element of willful intent because the State presented no evidence he willfully missed his pretrial release contacts. Defendant presented evidence that he had no telephone or car with which to make the contacts. However, defendant apparently managed to make all the required contacts prior to June 1, 1987, and at least some of the required contacts after that date. The trial court could legitimately infer he willfully missed pretrial release contacts and therefore these prior acts are relevant to the issue of willful intent in failing to appear.

Prior acts evidence which is relevant must still be excluded if the probative value of the evidence is substantially outweighed by danger of unfair prejudice. *State v. Conner,* 314 N.W.2d 427, 429 (Iowa 1982); Iowa R.Evid. 403. Defendant must show the trial court's action in admitting prior acts testimony was "unreasonable in the light of attendant circumstances." *State v. Coen,* 382 N.W.2d at 707.

Factors to be considered in balancing prejudicial effect against probative value include the actual need for other-crimes evidence in the light of the issues and the other evidence available to prosecution, the convincingness of the evidence that the other crimes were committed and that the accused was the actor, and the strength or weakness of the other-crimes evidence in supporting the issue, and on the other, the degree to which the jury will probably be roused by the evidence to overmastering hostility.

*Id., citing* McCormick, *Handbook of the Law of Evidence* § 190 (2d ed. 1972).

Here, the prejudicial effect of prior acts evidence is minimal given that no jury was involved and the evidence is not the sort to rouse the factfinder to hostility. The probative value of this evidence is apparent for establishing intent to disobey a court order to appear. Intent is a difficult element to prove by direct evidence. *See State v. Olson,* 373 N.W.2d 135, 137 (Iowa 1985). The probative value of evidence increases with the lack of other relevant evidence available. *State v. Coen,* 382 N.W.2d at 707. There is no dispute that the defendant committed the other acts in question. In balancing these factors, we find the probative value was not substantially outweighed by prejudicial effect in these circumstances.

II. *Sufficiency of the Evidence.* At the close of the State's evidence, defendant moved for a directed verdict of acquittal of failure to appear based on insufficient evidence. Defendant claims the evidence was insufficient to show that his attorney sent him notice of his sentencing hearing. Therefore, defendant contends, there was insufficient evidence his absence from the sentencing hearing was willful.

The principles we follow in reviewing a motion for a directed verdict based upon insufficiency of the evidence in criminal cases are well settled:

We view the evidence in a light most favorable to the State. All the evidence must be considered, *State v. Robinson,* 288 N.W.2d 337, 340 (Iowa 1980), and all legitimate inferences that may be deducted therefrom will be accepted. *State v. Schrier,* 300 N.W.2d 305, 306 (Iowa 1981). A trial court's refusal to direct a

verdict for a defendant will withstand challenge if there is any substantial evidence in the record tending to support the charge. *State v. York*, 256 N.W.2d 922, 927 (Iowa 1977). Substantial evidence means such evidence as could convince a rational trier of fact that the defendant is guilty of the crime charged beyond a reasonable doubt. *State v. Robinson*, 288 N.W.2d at 339.

*State v. Hamilton*, 309 N.W.2d 471, 479 (Iowa 1981).

 The issue here is whether defendant's attorney sent defendant notice of his sentencing hearing. Proof of mailing in this case rests upon proof of defendant's lawyer's practice in sending such notices because no witness testified from actual recollection as to the deposit of notice to defendant in the mail. *See Liberty Mut. Ins. Co. v. Caterpillar Tractor Co.*, 353 N.W.2d 854, 858 (Iowa 1984). Evidence of habit or routine practice is relevant to prove the conduct of a person or organization on a particular occasion was in conformity with the habit or routine practice. Iowa R.Evid. 406.

Defendant's attorney testified that it is the routine practice of his office to photocopy and immediately mail orders received to clients. He further testified his secretary routinely places her initials and the date on such orders to signify she mailed out a copy. Such a notation appeared on defendant's sentencing order. Proof of practice raises a presumption that the act was done on the occasion in question here. *Liberty Mutual*, 353 N.W.2d at 858. Defendant's attorney's testimony was sufficient to establish office practice. *See Public Finance Co. v. Van Blaricome*, 324 N.W.2d 716, 721 (Iowa 1982). The State presented sufficient evidence that defendant's attorney mailed a copy of the sentencing order to defendant.

Defendant contends he did not receive the notice and therefore the presumption of mailing is dispelled. Defendant relies on *Liberty Mutual*, 353 N.W.2d at 859. We find *Liberty Mutual* does not hold that mere evidence of failure to receive a piece of mail dispels the presumption of mailing

here. *Liberty Mutual* found such a result based on the extraordinary mail receipt recording system employed by the party who was to receive notice. *Id.* at 858. No similar facts appear in the present case.

We find the trial court properly admitted evidence of defendant's failure to make required pretrial release contacts. Further, we find sufficient evidence defendant received notice of his sentencing hearing. Accordingly, we affirm defendant's conviction for failing to appear.

AFFIRMED.