# IN THE COURT OF APPEALS OF IOWA

No. 15-1850
Filed November 9, 2016

**CHRISTOPHER ALLEN PUCCIO,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

     Appeal from the Iowa District Court for Dubuque County, Michael J.

Shubatt, Judge.


     Appeal from the denial of postconviction relief.  **AFFIRMED.**



     Andrew C. Abbott of Abbott Law Office, P.C., Waterloo, for appellant.

     Thomas J. Miller, Attorney General, and Kevin Cmelik, Assistant Attorney

General, for appellee State.



     Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**MCDONALD, Judge.**

Christopher Puccio appeals the order denying his application for postconviction relief. Puccio raises several claims of ineffective assistance of counsel. First, plea counsel allowed Puccio to enter a guilty plea that was not knowing and voluntary and failed to file a motion in arrest of judgment raising the issue. Second, plea counsel allowed Puccio to enter a guilty plea that lacked a factual basis. Third, plea counsel failed to provide Puccio a copy of the trial information.

We review claims of ineffective assistance of counsel de novo. *See State v. Liddell*, 672 N.W.2d 805, 809 (Iowa 2003). To prove ineffective assistance of counsel, a defendant must show his trial counsel breached an essential duty and prejudice resulted. *See Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). There is a strong presumption counsel's performance fell within the range of reasonable professional assistance. *See Wemark v. State*, 602 N.W.2d 810, 814 (Iowa 1999). The defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In the context of a guilty plea, the defendant must establish that, but for counsel's breach of duty, the defendant would not have pleaded guilty and would have gone to trial. *See State v. Straw*, 709 N.W.2d 128, 137 (Iowa 2006).

Puccio pleaded guilty to forgery, in violation of Iowa Code section 715A.2 (2011), and delivery of a controlled substance, in violation of Iowa Code section 124.401. With respect to the forgery conviction, during the plea colloquy, Puccio

admitted he attempted to use an identification card belonging to his brother to claim gambling winnings of $7525 at a local casino. With respect to the controlled-substance conviction, during the plea colloquy, Puccio admitted he met with an undercover law enforcement official and sold that individual ecstasy, a controlled substance. After pleading guilty to these offenses, Puccio was placed at a residential treatment facility to await sentencing. The plea agreement called for consecutive sentences, said sentences to be suspended. However, Puccio absconded from the facility prior to sentencing. He was arrested shortly thereafter, and the parties renegotiated the plea agreement. Puccio was sentenced to concurrent terms of incarceration.

Puccio claims his guilty pleas were not knowing and voluntary. Specifically, Puccio had various mental health conditions, and the jail failed to provide him with his medications for the same, which, he alleges, rendered him unable to understand the nature of the charges against him, the plea proceedings, and the consequences of his pleas. Due process requires a guilty plea be knowing and voluntary. *State v. Speed*, 573 N.W.2d 594, 597 (Iowa 1998). A defendant must be aware of the "constitutional protections that he gives up by pleading guilty, [and] 'the nature of the crime with which he is charged' and the potential penalties." *State v. Loye*, 670 N.W.2d 141, 151 (Iowa 2003) (citation omitted). Ideally, the court explains the elements of the charge. *See Brainard v. State*, 222 N.W.2d 711, 714 (Iowa 1974). However, the court need not review and explain each element of the crime if it is apparent the defendant understands the nature of the charge. *See Loye*, 670 N.W.2d at 151. We look for substantial compliance—that is, that the defendant be informed of the items

listed in the rule and understand them. *See State v. Victor*, 310 N.W.2d 201, 204 (Iowa 1981); *State v. Oberbreckling*, 235 N.W.2d 121, 122 (Iowa 1975); *State v. Sanders*, No. 03-1734, 2004 WL 2169748, at *2 (Iowa Ct. App. Sept. 29, 2004).

The record reflects Puccio did have several mental health diagnoses at the time of his guilty pleas. However, none of his stated diagnoses was presented as rendering him unable to understand the nature of the charges against him, the plea proceedings, or the consequences of pleading guilty. Similarly, the lack of medication was not presented as having any effect on Puccio's ability to understand the nature of the charges against him, the plea proceedings, or the consequences of pleading guilty. To the contrary, Puccio informed the court he was capable of understanding the proceedings and confident in the information he had discussed with counsel. The plea colloquy reflects Puccio's ability to understand the nature of the charges, the nature of the proceedings, and the consequences for pleading guilty. *See Castro v. State*, 795 N.W.2d 789, 795–96 (Iowa 2011) (affirming grant of summary judgment where defendant stated he understood proceedings and guilty plea during colloquy); *Borrego v. State*, No. 14-1590, 2015 WL 5577765, at *1, 3–4 (Iowa Ct. App. Sept. 23, 2015) (affirming denial of postconviction relief where colloquy demonstrated understanding of charges and consequences). Puccio's counsel testified he did not have any difficulty in communicating with Puccio during the pendency of the criminal proceedings and had no reason to believe Puccio was unable to understand the proceedings.

Where, as here, "an applicant's assertions concerning the knowing and intelligent nature of a guilty plea are directly contradicted by the record, the

applicant bears a special burden to establish that the record is inaccurate." *Arnold v. State*, 540 N.W.2d 243, 246 (Iowa 1995). Puccio did not carry that burden. We agree with the district court's assessment of Puccio's claim, "This is a case of buyer's remorse, one in which Puccio unwisely absconded from supervision pending sentencing, thereby putting himself in a position where his sentence would more likely be imposed rather than suspended." Accordingly, we conclude counsel did not breach an essential duty in failing to file a meritless motion in arrest of judgment. *See State v. Brubaker*, 805 N.W.2d 164, 171 (Iowa 2011) ("We will not find counsel incompetent for failing to pursue a meritless issue.").

Puccio next argues there was no factual basis for the guilty pleas. A court must ensure a guilty plea is supported by a factual basis before accepting that plea. *See* Iowa R. Crim. P. 2.8(2)(b); *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999). In determining whether a factual basis exists, a court considers "the entire record before [it] at the guilty plea hearing, including any statements made by the defendant, facts related by the prosecutor, and the minutes of testimony." *State v. Keene*, 630 N.W.2d 579, 581 (Iowa 2001). The record "need only demonstrate the facts that support the offense." *State v. Velez*, 829 N.W.2d 572, 576 (Iowa 2013). Counsel breaches an essential duty by allowing a defendant to plead guilty where a factual basis does not exist, and prejudice is inherent. *See Schminkey*, 597 N.W.2d at 788.

Here, the record establishes a factual basis for the pleas. Puccio admitted the elements of each of the offenses. Puccio also admitted that if the witnesses identified in the minutes testified as set forth in the minutes, then there would be

sufficient evidence to convict him of the charges. Puccio's real complaint appears to be the plea colloquy was brief and the plea court should have asked more open-ended questions to develop the elements. The argument is without merit. While that might be better practice, it is not required. Here, the plea court asked Puccio questions regarding the elements of the offenses, and Puccio admitted to each of the elements. Nothing more was required. We thus conclude counsel was not ineffective in failing to challenge the factual basis for the guilty pleas or the nature of the plea colloquy.

Finally, Puccio argues his counsel failed to provide him with a copy of the trial information and minutes of testimony. *See* Iowa R. Crim. P. 2.8(1) ("The defendant shall be given a copy of the indictment or information before being called upon to plead."). We conclude the claim is without merit. Puccio's trial counsel testified he met with Puccio on multiple occasions to discuss this case. It was counsel's standard practice to provide a copy of the trial information to his clients, although he could not specifically remember giving a copy to Puccio. There was no reason why he would not have given Puccio a copy of the trial information in accord with his standard practice. Evidence of standard office practices may be sufficient to raise a presumption the act was done on the occasion in question. *See State v. Williams*, 445 N.W.2d 408, 411 (Iowa Ct. App. 1989). The district court credited counsel's testimony. The district court's finding is supported by substantial evidence, and we will not disturb it. *See Carroll v. State*, 466 N.W.2d 269, 271 (Iowa Ct. App. 1990).

For the above-stated reasons, we conclude the district court did not err in dismissing Puccio's application for postconviction relief.  We affirm the judgment of the district court.

**AFFIRMED.**