**IN THE COURT OF APPEALS OF IOWA**

No. 16-1044
Filed March 21, 2018

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**ROBERT MURILLO JR.,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Muscatine County, Stuart P. Werling, Judge.

Robert Murillo Jr. appeals from his conviction for failure to appear. **REVERSED AND REMANDED.**

G. Brian Weiler, Davenport, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Bower, JJ.

**DANILSON, Chief Judge.**

Roberto Murillo Jr. was convicted following a jury trial for failure to appear for his pretrial conference, in violation of Iowa Code section 811.2(8) (2015). On appeal, Murillo contends the trial court erred by denying his motion for judgment of acquittal based on the State's failure to present sufficient evidence that he "willfully" failed to appear. We reverse and remand for an order of dismissal.

In reviewing a motion for directed verdict based upon insufficiency of the evidence:

> When presented with a motion for acquittal, courts must view "the evidence in the light most favorable to the State and draw[ ] all fair and reasonable inferences from it, taking all the evidence into consideration, both direct and circumstantial." *State v. Duncan*, 312 N.W.2d 519, 522 (Iowa 1981) (citations omitted). This standard requires courts to assume the truth of the evidence offered by the prosecution. *Nguyen v. State*, 707 N.W.2d 317, 327 (Iowa 2005). The evidence must be sufficient to convince a rational fact finder that the defendant is guilty beyond a reasonable doubt. *State v. Shanahan*, 712 N.W.2d 121, 134 (Iowa 2006). A fair inference of guilt is necessary, not merely suspicion, speculation, or conjecture. *State v. Geier*, 484 N.W.2d 167, 171 (Iowa 1992).

*State v. Schlitter*, 881 N.W.2d 380, 389 (Iowa 2016) (alteration in original).

In order to convict Murillo of failure to appear, the State was required to prove that he "willfully" failed to appear "before any court or magistrate as required." Iowa Code § 811.2(8). Murillo asserts the State failed to prove his failure to appear was willful because it did not show he received notice of his pretrial conference date. Specifically, relying upon *State v. Williams*, 445 N.W.2d 408, 411 (Iowa Ct. App. 1989), Murillo asserts the State did not call Murillo's previous defense attorney to testify if Murillo was sent notice of his pretrial conference date and that his presence at the pretrial conference was required.

In *Williams*, the court found the prior defense attorney's testimony that the "routine practice" of the office to immediately mail court orders to clients was sufficient evidence to raise a presumption the act was done, and that there was "sufficient evidence defendant received notice" of his sentencing hearing. 445 N.W.2d at 411. The court did not, however, state testimony by defense counsel was required.[1] Yet, we must still determine whether the evidence presented was sufficient to show Murillo knew he was to attend the pretrial conference and willfully failed to do so.

On February 19, 2015, Murillo signed a written arraignment and plea of not guilty on charges of possession of a controlled substance with intent to deliver and a drug-tax-stamp violation. He also waived his right to a speedy trial.

A filed-stamped "order for pretrial conference following written arraignment" was entered on February 23, 2015. The date set for the pretrial conference was March 20.

Muscatine County Clerk of Court Audrey Tompkins testified about the standard procedure for notifying case parties of court filings. Tompkins testified the attorney for the defendant is provided electronic notification through the court system's electronic document management system. Further, Tompkins testified that Murillo's defense counsel received notification of the order setting the pretrial

---

[1] We do not agree the State was prevented from calling Murillo's first attorney due to attorney-client privilege. Murillo injected into this proceeding the issue of whether he was informed of the court date either by the clerk of court or his counsel. When a party injects an issue into a lawsuit, as a matter of fairness, the attorney-client privilege is impliedly waived. *See Fenceroy v. Gelita USA, Inc.*, ___ N.W.2d ___, ___, 2018 WL 1021320, at *9 (Iowa 2018). Here, the question could have been limited to whether counsel informed Murillo of the contents of the publically-filed court order.

conference.[2] Tompkins also testified the order setting the pretrial conference would not have been sent to the defendant.

Murillo could not be located at any point between the March 20 pretrial conference and August 14—the date he was arrested on a warrant issued for failure to appear at the pretrial conference. When officers located him, he initially asked why they were there. The officers responded that it was their job to "find people." Murillo stated, "So obviously you guys got a call." The State also played a recording of a phone call Murillo made to his mother from the county jail in which Murillo states, "I'd-a never turned myself in."

While we find a reasonable juror could infer from this evidence that Murillo knew he may be wanted and needed to turn himself in, it is not sufficient to prove Murillo willfully failed to appear on March 20. We note there was no testimony from Murillo's pretrial supervising officer from the department of corrections. Perhaps Murillo was not keeping in contact with his pretrial supervising officer because, if he had kept in contact, the supervising officer would surely have known where to locate Murillo. Such a circumstance could provide Murillo with a basis to believe he was wanted and, therefore, would not be surprised when the officers showed up looking for him.[3]

---

[2] Murillo points to a jury question submitted during deliberations—"Jury need to know whe[]ther [defense attorney] Leslie Dean Lamping was present in court on 3/20/15 11:37 AM on behalf of his client Robert Murillo, Jr.?"—as proof the evidence of service upon defense counsel was insufficient. Clearly the jury had a concern whether counsel had notice.

[3] On the other hand, we acknowledge such evidence may assist the State in showing Murillo's willfulness if there was no dispute he knew of the court appearance. *See Williams*, 445 N.W.2d at 411. We also note that in rebuttal closing arguments the State argued no one knew where he was located.

To establish willfulness, there has to be evidence that Murillo was sent a copy of the order requiring his appearance or was otherwise informed or had knowledge of the order's contents. Because we conclude that the evidence presented is not sufficient to prove beyond a reasonable doubt that Murillo willfully failed to appear at the pretrial conference, we reverse and remand for an order of dismissal.

**REVERSED AND REMANDED**.